Kingman *et al. v.* Paulson.

---

No. 14,425.

KINGMAN ET AL. *v.* PAULSON.

JUDGMENT.—*By Confession.—Rendered in Another State.— Validity of.—Collateral Attack.*—A judgment of a court of a sister State having general jurisdiction, the record being regular, and showing an appearance on behalf of the defendants and a confession of judgment against them, and that such appearance was authorized by a power of attorney duly executed by such defendants authorizing such appearance and confession of judgment, can not be attacked collaterally. The same faith and credit must be given to the judgment as if rendered within this State.

SAME.— *When Not Void.—Collateral Attack.*—A judgment is not void unless the thing lacking, or making it so, is apparent in the record. If it do not appear the judgment is not void, though it may be voidable. Unless a judgment is void it can not be attacked collaterally.

SAME.—*Married Woman.—Plea of Suretyship.—Former Adjudication.—Attachment Proceedings.*—Where a judgment was rendered by confession against A. and his wife, in the State of Illinois, in a court of general ju-

risdiction, and an action was afterward brought on the judgment in Indiana, and attachment proceedings instituted and the property of the wife attached, the latter could not show as a defence to the judgment and attachment proceedings that the debt represented by the judgment was the debt of her husband, and that she was only surety upon the note sued on, and merged in the judgment rendered in Illinois, and that the property attached is her individual property, and not liable for the debt. The judgment in Illinois fixed her status and relation to the debt, and liability for its payment. Having failed to set up her suretyship when sued in Illinois, she could not do so thereafter.

From the Howard Circuit Court.

*J. C. Blacklidge, W. E. Blacklidge* and *B. C. Moon,* for appellants.

*J. F. Elliott* and *L. J. Kirkpatrick,* for appellee.

OLDS, C. J.—This action was brought by the appellee, William A. Paulson, against the appellants, Martha A. Kingman and Arthur L. Kingman, in the Howard Circuit Court, upon a judgment rendered in the superior court of Cook county, Illinois, in favor of said appellee against said appellants. Attachment proceedings were also instituted in this case and the property of the appellant Martha A. Kingman was attached.

Two questions are presented by the record and discussed by counsel. It is first contended by counsel for appellants that the judgment of the superior court of Cook county is not conclusive, and that it may be attacked collaterally in this case. The record of the judgment in the superior court shows it to be a judgment by confession upon a promissory note, the note executed by the appellants being payable to J. Robson Weddell, and afterwards endorsed by him to the appellee. The appellants executed a power of attorney appointing and authorizing the appellee, William A. Paulson, or any attorney of any court of record, to be their true and lawful attorney, irrevocable, for them and in their names, place and stead, to appear before any court of record, either in term time or in vacation, in any of the States or territories of the United States, at any time after the expira-

tion of said note, to waive the issuing and service of process, and confess judgment, etc. The note is payable at the office of Weddell in Chicago.

The record shows an appearance by Clifford, Anthony and Paulson on behalf of the appellee herein, the plaintiff in said cause, and the filing of the complaint, and by William P. Winners, the attorney for the defendants in said cause, the appellants herein, the filing of the warrant of attorney as his authority to appear, and that proof of its execution was duly made, and the judgment is regular in form.

The question presented is as to whether or not a judgment of a court of a sister State having general jurisdiction, the record being regular and showing an appearance on behalf of the defendant, or defendants, and a confession of judgment against them, and that such appearance was authorized by a power of attorney duly executed by such defendants authorizing such appearance and confession of judgment, can be attacked collaterally; that it can not be attacked is too well settled to be open to discussion. Section 1, article 4, of the Constitution of the United States provides that " Full faith and credit shall be given in each State to the public acts, records, and judicial proceedings of every other State." Freeman, in his work on Judgments, 3d ed., section 560, says: " The language of the Supreme Court, *Mills* v. *Duryee*, which, substantially, was but a quotation from the act of 1790, that a judgment must, in every State, be given the same faith and credit to which it is entitled where it was rendered, was so comprehensive and distinct, as to seem to negative the existence of any exception to the broad rule here laid down, and to impart to such a judgment in all cases, and in all localities, the full effect of a domestic judgment." Giving to the judgment the same faith and credit as given to a judgment rendered by a court of general jurisdiction within this State, it can not be collaterally attacked ; and this same rule applies to judgments by confession. Freeman Judgments, section 557. As applicable to this case, there hav-

ing been an appearance, it is well settled law that a judgment is not void unless the thing lacking, or making it so, is apparent in the record. If it do not so appear the judgment is not void, though it may be voidable. *Smith* v. *Hess*, 91 Ind. 424, and unless a judgment be void it can not be attacked collaterally. *Lantz* v. *Maffett*, 102 Ind. 23 ; *Bailey* v. *Martin*, 119 Ind. 103.

In *Caley* v. *Morgan*, 114 Ind. 350, it is held that when a party submits himself to the jurisdiction of a competent court and confesses judgment, and the court enters judgment for the amount admitted to be due, it will be presumed that all the preliminary steps necessary to confer jurisdiction were taken. In the case at bar it affirmatively appears by the record of the judgment, in the superior court of Cook county, that all things existed to give the court jurisdiction, and to permit it to be attacked in this case would be to impeach and contradict the record collaterally, and this can not be done. If for any reason the superior court did not have jurisdiction, or the judgment was obtained by fraud, as contended by counsel for appellant, such facts might be grounds for setting aside and avoiding the judgment in a direct attack, but until it is so attacked and set aside it is binding upon the parties, and its validity can not be questioned in a suit upon the judgment.

The further contention by counsel for appellant is, that as a defence to the judgment and attachment proceedings it may be shown by the appellant Martha A. Kingman that she and her co-appellant, Arthur L. Kingman, are husband and wife, and that the debt represented by the judgment is the debt of her husband, and that she was only surety upon the note sued upon and merged in the judgment rendered in the superior court of Cook county, Illinois, and that the property attached is her individual property, and not liable for the debt. We can not agree with this contention of counsel. The judgment in the superior court fixed her status and relation to the debt and liability for its payment.

That is an individual judgment against her and her husband, both as principals, and for which her property is liable, and by that judgment she is bound.

The time for her to have established her suretyship was when she was sued upon the note. In the case of *Lieb* v. *Lichtenstein*, 121 Ind. 483, Mrs. Lieb was sued in the superior court of Cook county, Illinois, and a judgment rendered against her upon a note which was signed by her and her husband, and secured by mortgage on real estate situate in Elkhart county, Indiana, and in the suit to foreclose the mortgage it was sought by Mrs. Lieb to show that the debt for which judgment was rendered was the debt of her husband, and she was only surety, and the property mortgaged for its payment was her individual property, and, therefore, was not liable, and it was held that she could not make such defence; that having failed to set up her suretyship when sued in the superior court she was bound by the judgment which fixed her liability for the debt.

There is no error in the record.

Judgment affirmed, with costs.

