RODENBECK ET AL. *v.* CREWS STATE BANK AND TRUST COMPANY.

[No. 13,174. Filed November 14, 1928. Rehearing denied February 13, 1929. Transfer denied May 19, 1933.]

*J. Fred Masters* and *James L. Clark,* for appellants.

*Donald F. La Fuze* and *Robinson, Symmes & Melson,* for appellee.

ENLOE, P. J.—November 29, 1924, the appellee obtained a judgment in the Circuit Court of Effingham County, Illinois, against the appellants, Christian Rodenbeck and Mary Rodenbeck, for the sum of $1,725 and costs. Said judgment was rendered in term time, and was based upon three promissory notes, each for the sum of $500, dated October 31, 1923, due in twelve months and providing for attorney's fees. These notes were what are commonly called "Judgment notes," and each contained an authorization for "any attorney to appear at any time hereafter, in any court, in term time or vacation, and without process confess judgment

in favor of the holder of said note for the amount appearing unpaid with fifteen per cent attorney's fees and costs. The notes were each made payable to The Standard Light Company of Decatur, Illinois, and had been, by said payee, indorsed to the appellee herein, Crews State Bank and Trust Co. of Montrose, Illinois.

The said judgment remaining unpaid, the appellee filed suit thereon in Marion County, Indiana, and on change of venue the cause was sent to the Hendricks Circuit Court for trial. The complaint, which was in one paragraph, was met with a verified answer by the appellants, separately and severally, in which they alleged that: "The separate and several purported instruments and the judgment set out and marked respectively as exhibits in plaintiff's amended complaint were neither executed nor authorized by defendants herein or either of them, but that the same are false and fraudulent and procured through fraud, in this to wit." Here follows allegations of acts of fraud on the part of the agent representing the named payee of said notes, by which he secured their signatures to a contract, but which contract they aver they never delivered to said agent, but they allege that he, the said agent, "fraudulently and by force" took and carried said paper away; they also deny, severally, that they ever at any time, signed the promissory notes, upon which judgment was confessed as above noted. The appellants also filed a cross-complaint seeking the cancellation of said judgment and of said notes, and asking for damages.

This cross-complaint was answered by a general denial, and also by a verified answer alleging that the appellee purchased said notes in due course, before maturity, and without any notice or knowledge of any defense thereto, in good faith, and "honestly believing that said notes were duly executed and delivered by cross-complainants for a good and valuable considera-

tion." The issues being closed, the cause was submitted to a jury for trial which returned a verdict in favor of appellee, and, from the judgment rendered thereon, this appeal is prosecuted; the only valid error assigned being the action of the court in overruling appellant's motion for a new trial, under which assignment are presented the matters hereinafter considered.

The appellants first present as being error the giving of instruction No. 2, of those given by the court.

In considering this instruction we must keep in mind the issues in this case. The appellants had, in their verified answer, alleged that they never signed said notes, and, when called as a witness to testify in his own behalf in this case, he was shown the three notes in question and asked concerning the signature on said notes and he testified that the signature on said notes was not his, and that he never signed them. Instruction No. 2 complained of was as follows: "Under the issues in this case the burden is upon the plaintiff to prove the material allegations of its complaint by a preponderance of all the evidence," and that "the burden is upon the defendants to prove by a preponderance of the evidence bearing thereon that the signatures to the notes upon which the judgment sued upon in this case is based, are not the genuine signatures of the defendants." This being a suit based upon a judgment of a sister state, by a court of competent jurisdiction, such judgment, if regular on its face, was, under Article 4, Sec. 1, of the Constitution of the United States entitled to full faith and credit. If the notes upon which that judgment was based and the authorization in said notes contained to confess judgment thereon if they were not paid, were forgeries, then the court rendering such judgment never acquired jurisdiction over the person of the defendants therein, and when suit was brought, based upon such judgment,

to obtain a judgment thereon in this state, the fact of want of jurisdiction,—that the said instruments were forgeries,—could be shown to defeat the last action, but, under these circumstances, this defense must be set up by a special answer and then the burden of proof is on the party so pleading.

As to the above instruction the appellants now say that the giving of said instruction was error because the defendants, and each of them "had alleged that said notes were procured by fraud and never executed by them." The appellants had each been shown the said notes and asked to look at and examine the signatures thereon and, after such examination, each had declared emphatically, under oath, that the signatures on said notes were not their signatures. Under this testimony the said instruments were forgeries, pure and simple. If these parties never signed said instruments or authorized any one else to sign their respective names thereto, as testified to by them, then there was left no room for the alleged defense of fraud in procuring their said signatures; the two defenses were contradictory, and therefore could not both be true. The appellants, by their own testimony as to the genuineness of the signatures, entirely eliminated the alleged defense of fraud in the procurement of such signatures, and the court did not err in giving said instruction.

Appellants next say that the verdict is not sustained by sufficient evidence, because the appellants are, and have been at all times involved herein, residents of the State of Indiana, and that no process was served upon them personally nor did they appear and plead to the action in such foreign jurisdiction or waive notice, etc., and they cite, as sustaining them, *Irose* v. *Bella* (1914), 181 Ind. 491, 104 N. E. 851. The Irose case is not of controlling influence in this present

controversy. In that case the note was payable in Indiana (or elsewhere) while in the case at bar the contracts were, if made, to be performed in the State of Illinois; were Illinois contracts and valid under the laws of that state, and we conclude that appellants' contention is not well taken. See *Egley* v. *Bennett* (1925), 196 Ind. 50, 145 N. E. 830, 40 A. L. R. 436.

Appellants' assignment in their motion for a new trial, that the verdict is erroneous, "same being too much," presents no question for our consideration, and there is no contention that there was any "error in the assessment of the amount of the recovery."

Appellants next complain of the action of the court in excluding certain offered testimony. There was no error in the rulings complained of. This suit being founded upon a judgment of a court of general jurisdiction of a sister state, its judgment so given could not be thus avoided; they were collateral matters which might have been urged in Illinois upon the original trial, but as they did not go to the question of the jurisdiction of that court, and as appellants had planted themselves upon the proposition that they never signed said notes, the offered testimony was rightly excluded.

We have examined all questions presented and find no error.

Affirmed.