Paul W. Busse, Administrator with Will Annexed of Estate of Ernest Weppler, Deceased, Appellee, v. F. E. Muller and Elizabeth Muller, Appellants.

Gen. No. 9,097.

Opinion filed April 20, 1938.

RAE C. HEIPLE, of Peoria, and C. L. CONDER, of Pekin, for appellants.

Ralph Dempsey, of Pekin, and P. A. D'Arcy, for appellee.

Mr. Justice Davis delivered the opinion of the court.

A judgment was entered by confession on May 3, 1937, in the circuit court of Tazewell county, in the sum of $1,179.67, in favor of Paul W. Busse, administrator with the will annexed of the estate of Ernest Weppler, deceased, plaintiff appellee, and against F. E. Muller and Elizabeth Muller, defendants appellants.

The judgment was entered upon a note for $1,000, drawing six per cent interest, payable to Ernest Weppler, with power of attorney to confess judgment. On June 1, 1937, appellants filed in the office of the clerk of said circuit court a motion to vacate said judgment, supported by the affidavit of F. E. Muller, one of the appellants. Upon a hearing on said motion and affidavit, on June 30, 1937, the court upon motion of appellants granted them 15 days additional time in which to file additional affidavits in support of their motion to vacate said judgment and for leave to answer.

There was filed on July 13, 1937, the affidavit of Charles C. Nutty, in support of such motion.

In his affidavit F. E. Muller set forth that he was the same person who signed the note for $1,000, against whom judgment was rendered on May 3, 1937, for $1,179.67; that the payee, Ernest Weppler, was an uncle of his and on January 2, 1920, he decided to make arrangements with his uncle to pay the principal and interest on said note, but was informed by his uncle that he preferred that affiant continue to pay only the interest on the note at that time; that affiant was in the grocery business and informed his uncle it would be an assistance to him, in paying the principal, if he would buy his groceries of him; that at the end of each year he would take credit for the sum on the principal of the note and would continue to pay him $60 cash as

he had been paying until both principal and interest were paid; that his uncle agreed to this arrangement, and from that time until the death of his uncle he bought groceries, and a yearly settlement was made between affiant and his uncle; that affiant used the ''McCaskey'' system of accounts for all customers who bought their groceries on credit, making out a list of articles bought, in duplicate, on the sale slip, together with the prices therefor, the duplicate he gave to the customer and retained the original in the case in his store, provided for the same; from January, 1928, until January 1, 1936, he made yearly settlements with his uncle; that his uncle departed this life on January 31, 1936, and after his death he continued to deliver groceries to the widow up until the time of her death on May 30, 1936; that when making settlement on January 1, 1936, he took credit for $100, to apply on the principal of the note, for groceries sold and delivered to his uncle, and at that time he was indebted for both principal and interest on said note in the total sum of $37.71.

That he did not have possession of the note, nor did his uncle indorse, in his lifetime, any of the credits on the same so far as affiant knows; and that he did not know that his uncle failed to give him credit for the period of time from 1929 to 1936, inclusive, and no demand for payment of said note was made until after the death of his uncle and his widow.

Charles C. Nutty, in his affidavit, set forth that he was a resident of the city of Washington, and had been for a number of years; and that at the present time was employed at the Caterpillar Tractor Company in East Peoria; prior to securing work there he was engaged as clerk in the grocery and meat market operated by F. E. Muller; that he was so employed about two years, and started in the summer of 1933 and continued until the spring of 1935; that he knew Ernest

Weppler in his lifetime, and frequently waited on him and sold and delivered groceries to him from the store of said F. E. Muller; that during all of the time that he worked for F. E. Muller the said Muller used what was known as the "McCaskey" system of accounts; that he was instructed by Mr. Muller to charge to the account of Ernest Weppler groceries bought by him, and each time affiant sold groceries to Weppler he made out a list of the articles purchased on the "McCaskey" sales slip with the prices and dates thereon, and delivered the duplicate copy thereof to Ernest Weppler, the original of which was kept in the case, so arranged that each account was readily accessible; at the expiration of each year an annual settlement was made between Muller and Weppler, and that on about January 1, 1934, a yearly settlement was made for groceries bought during the year, 1933, and the statement was made out showing groceries in the amount of $100, to be credited on the $1,000.00 note, of which F. E. Muller and Elizabeth Muller were makers and Ernest Weppler the payee; that Weppler did not pay cash for the same, but the sum of $100 was to apply on said note herein before referred to; that $60 was also paid Weppler in cash, or its equivalent, a copy of which statement so made, on the day and date indicated, is attached to and marked Exhibit A; that on January 1, 1935, Ernest Weppler came into the store to make a yearly settlement with F. E. Muller for groceries bought during the year 1934, and there was made out a sales slip, the duplicate of which was delivered to Ernest Weppler, wherein it stated "Groceries to apply on note, $100.00, plus int. $60.00"; that interest on said note was paid by Mr. Muller in cash to said Ernest Weppler; that there has been exhibited to him all of the sales slips, on which a credit was given for groceries sold and delivered to Ernest Weppler, which are as follows: "Exhibits A, B, C, D, E, F, G and H," respectively; that said exhibits are identical and true

copies of the originals which he saw during the time he was employed as clerk in said store, and which were kept in an envelope in the safe in said store, and were accessible to affiant.

Rule No. 26 of the Rules of Practice and Procedure of the Supreme Court is as follows:

"A motion to open a judgment by confession shall be supported by affidavit in the manner provided by Rule 15 for summary judgments, and if the motion and affidavit disclose a prima facie defense on the merits to the whole or a part of the plaintiff's demand, the court shall set such motion down for hearing. The plaintiff may file counter affidavits. If at the hearing upon such motion it shall appear that the defendant has a defense on the merits to the whole or a part of the plaintiff's demand, and that he has been diligent in presenting his motion to open such judgment, the court shall then sustain the motion either as to the whole of the judgment, or as to such part thereof as to which a good defense has been shown, and the case shall thereafter proceed to trial and the complaint, motion and affidavit and counter affidavits shall constitute the pleadings unless the parties or either of them shall ask leave to file further pleadings."

Rule No. 15 of the Rules of Practice and Procedure of the Supreme Court is, in part, as follows:

"Rule 15 (1). The affidavits in support of a motion for summary judgment shall be made on the personal knowledge of the affiants; shall set forth with particularity the facts upon which the plaintiff's cause of action is based; shall have attached thereto sworn or certified copies of all papers upon which plaintiff relies; shall not consist of conclusions but of such facts as would be admissible in evidence; and shall affirmatively show that the affiant if sworn as a witness, can testify competently thereto. If all the facts to be shown are not within the personal knowledge of one person, two or more affidavits shall be used."

On August 2, 1937, the court having heard said motion, overruled the same and refused to vacate the judgment and to permit appellants to answer.

The court rightfully held that F. E. Muller, being a party to the suit, and the adverse party having sued as the administrator with the will annexed of the estate of said Ernest Weppler, deceased, he could not testify competently to the matters alleged in his affidavit, and further held that the affidavit of Charles C. Nutty did not set forth facts to show that defendants had a defense on the merits to the whole or a part of the plaintiff's demand.

It does not appear from the affidavit of Charles C. Nutty that the defendants have a defense on the merits to the whole or a part of the plaintiff's demand. Even though F. E. Muller sold groceries to Ernest Weppler, and that at the end of each year made out a statement showing groceries to the amount of $100 were credited on the $1,000 note in question, yet there is nothing in the facts set forth in the affidavit that shows that Ernest Weppler consented or agreed to have the amount he owed F. E. Muller for groceries credited upon the $1,000 note held by him.

The most that can be said is, that it establishes that the defendant, F. E. Muller, has a cross-demand against the estate of Ernest Weppler, deceased, for the amount due him for the groceries sold and delivered to Ernest Weppler in his lifetime.

A defense upon the merits is one which depends upon the inherent justice of the defendant's contention, as shown by the substantial facts in the case, as distinguished from one which rests upon technical objections or some collateral matter. Black's Law Dictionary, Third Edition.

A counterclaim or cross-demand, whether in the nature of a set-off, recoupment, cross-bill in equity or otherwise, is not a defense on the merits to a demand of one or more plaintiffs against one or more defend-

ants, and, for that reason, a judgment will not be opened up to permit a defendant to file a counterclaim.

We are of opinion that the circuit court of Tazewell county did not err in refusing to open up the judgment with leave to plead and the action of the court in overruling the motion is affirmed.

*Affirmed.*