State Bank of Blue Island, Appellee, v. George E. Kott et al. Charles Habich, Appellant.

Gen. No. 42,970.

Opinion filed May 1, 1944. Rehearing denied and supplemental opinion filed May 15, 1944.

KLENK & KLEIN, of Chicago, for appellant; FRANKLIN W. KLEIN, of Chicago, of counsel.

HUMMER, VAN NESS & YOWELL, of Chicago, for appellee; JOHN J. YOWELL and EDWIN T. SCHNEBERGER, both of Chicago, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

Defendant appeals from an order entered July 2, 1943, denying his motion to open up a judgment by confession entered against him, in favor of the plaintiff, April 26, 1943. The judgment was entered on a promissory note dated February 27, 1933, due 60 days after date, with power of attorney to confess judgment thereto attached. The judgment rendered was for the amount of $3,740.05, which included $178.10 attorney's fees.

The time for making the motion was extended on several occasions by stipulations of the parties. The motion was finally made on June 28, 1943, supported by an affidavit of defendant that he was the owner of a counterclaim for rent, which he desired and claimed the right to present as a defense to the cause of action on which the judgment was rendered. There was no counter affidavit. An order was entered July 2, 1943, denying the motion of defendant to open the judgment and file the counterclaim. Notice of this appeal was filed by defendant September 28, 1943.

The sole question for decision is whether the court erred in denying defendant's motion.

Plaintiff contends that the general rule that a judgment by default or confession will not be set aside in the absence of a showing that the defendant has a defense

on the merits is applicable here, and that under it a judgment will not be opened or vacated merely to permit a defendant to file a counterclaim. He cites many Illinois cases decided under statutes which do not now exist. *Slack v. Casey,* 22 Ill. App. 412; *Boas v. Heffron,* 40 Ill. App. 652; *Koehler v. Glaum,* 169 Ill. App. 537; *State Bank of Mansfield v. Stauffer,* 201 Ill. App. 132; *Cook v. City of Du Quoin,* 256 Ill. App. 452; *Busse v. Muller,* 295 Ill. App. 101, with 34 C. J., § 661. We hold the provisions of the present Civil Practice Act are controlling.

Section 4 of that act (Smith-Hurd's Ann. Stats., par. 128 [Jones Ill. Stats. Ann. 104.004]) provides:

"This Act shall be liberally construed, to the end that controversies may be speedily and finally determined according to the substantive rights of the parties and the rule that statutes in derogation of the common law must be strictly construed shall not apply to this Act or to the rules made pursuant thereto. . . ."

The procedure under which judgments may be confessed is set forth in section 50 (5) of the act [Jones Ill. Stats. Ann. 104.050]; and that under which such a judgment may be opened up or set aside is set forth in rule 26 of the Supreme Court (Smith-Hurd's Ann. Stats. ch. 110, par. 259.26 [Jones Ill. Stats. Ann. 105.26]).

Plaintiff does not contend that the affidavit of defendant here in any respect fails to conform to the rule. The substance of its defense is that a counterclaim is not a defense to a judgment entered by confession. Under a strict construction of the statute and of the word "counterclaim," as formerly used, it might well be so held. We have already seen that any strict construction of either rule or statute is forbidden by section 4 of the act. In our opinion plain-

tiff's contention is rendered impossible by section 38 of the act (Smith-Hurd's Ann. Stats., par. 162 [Jones Ill. Stats. Ann. 104.038]) which provides:

"(1) Subject to rules, any demand by one or more defendants against one or more plaintiffs, or against one or more co-defendants, whether in the nature of set-off, recoupment, cross-bill in equity or otherwise, and whether in tort or contract, for liquidated or unliquidated damages, or for other relief, may be pleaded as a cross-demand in any action, and when so pleaded shall be called a counterclaim.

"(2) The counterclaim shall be a part of the answer, and shall be designated as a counterclaim.

"(3) Every counterclaim shall be pleaded in the same manner and with the same particularity as a complaint, and shall be complete in itself, but allegations set forth in other parts of the answer may be incorporated by specific reference instead of being repeated."

On this section the annotator well says:

"This provision is of sweeping character, and does away with all former technicalities respecting the interposition, the pleading of and the distinctions between cross-demands. Because of this fact, the bulk of decisions under the former Chancery and Practice Acts are of little persuasive authority."

When we consider the supposed purposes of the Civil Practice Act it becomes quite impossible to suppose that it was the intention of the legislature in the enactment of this law to make it possible for the holder of a note, on which money was due, to obtain and hold a judgment by confession against the maker of the note, while the defendant holds in his hand a lease under the terms of which there is more money due from the plaintiff to the defendant than the amount for which the plaintiff claims judgment.

Section 50, which authorizes confession of judgment in (3) thereof [Jones Ill. Stats. Ann. 104.050], says:

"In case a counterclaim is filed, the judgment shall be so drawn as to protect the interests of both parties, and subject to rules, no execution shall be issued until all the issues in the case have been determined by the judgment, except by leave of court."

We think our construction is in conformity with the purpose of the act in the administration of justice. The judgment of the trial court will therefore be reversed and the cause remanded with directions to the court to enter an order opening up the judgment and giving leave to defendant to file his counterclaim.

*Reversed and remanded with directions.*

O'CONNOR, P. J., and NIEMEYER, J., concur.

### SUPPLEMENTAL OPINION

In its petition for rehearing, plaintiff correctly points out that the opinion of the court included among cases "decided under statutes which do not now exist" *Busse v. Muller,* 295 Ill. App. 101. This was by inadvertence, although a re-examination of the case does not lead to a different conclusion in this case.

In that case there was a motion to set aside a judgment entered by confession on a promissory note. The plaintiff sued as administrator. Defendant produced two affidavits for the purpose of showing that by agreement of the parties the note had been substantially paid up by the delivery of groceries to the payee. There were two affidavits; one by Muller, who, since plaintiff sued as administrator, was an incompetent witness; the other by a clerk in his grocery, Mr. Nutty, of whose affidavit the court said, it "did not set forth facts to show that defendants had a defense on the merits to the whole or a part of the plaintiff's demand." The opinion does not undertake to discuss the Civil Practice Act but makes a statement *obiter dicta* with which we do not agree.

*Rehearing denied.*