James H. Turner, Plaintiff-Appellant, *v.* Ritta Mae Smiley, Admr. of the Estate of George P. Blount, Deceased, *et al.*, Defendant-Appellee.

(No. 55905;

First District—November 17, 1972.

Blacher, Nellis & Fagel, of Chicago, (William J. Nellis, of counsel,) for appellant.

Henry W. Kenoe and Raphael Fine, both of Chicago, for appellee.

Mr. PRESIDING JUSTICE LORENZ delivered the opinion of the court:

Plaintiff appeals from a judgment of the trial court nullifying a judgment by confession which had previously been entered in favor of plaintiff against defendant. Plaintiff brings this appeal to question the sufficiency of the defendant's motion to open the judgment by confession upon which the trial court granted the defendant leave to appear and make her defense. Plaintiff also assigns as error the trial judge's refusal to enter a finding and judgment for plaintiff in a subsequent trial which tested the merits of defendant's alleged defenses against the judgment by confession.

The defendant in this case is a successor-defendant to George P. Blount in her capacity as the administrator of his estate. Plaintiff was George P. Blount's attorney for several years prior to Blount's death in December of 1966. It was established in the proceedings in the trial court that plaintiff and Mr. Blount had a close business relationship. Plaintiff acted as Mr. Blount's advisor in many areas, and the pair also had several financial dealings.

Plaintiff had filed an application for a confessed judgment against George P. Blount based on a note for $1,400.00 signed by Blount on December 9, 1960. A confessed judgment was entered for $1,711.26 on February 5, 1963. This sum included principal, interest and attorney's fees. Plaintiff did not request the issuance of an execution prior to Mr. Blount's death on December 1, 1966. Although he did represent the defendant in her capacity as the Administrator of Blount's estate, there is no indication in the record before us that he made a claim against the estate in the amount of the judgment.

Defendant, as administrator, filed a verified petition in the Cook County circuit court on July 7, 1969, asking that the judgment by confession be opened. In her sworn petition, defendant claimed that the deceased, her father, had never discussed the judgment by confession with her or any of his other children. However, defendant stated that in the few years preceding his death her father had mentioned that he was indebted to the plaintiff and was making payments on account thereof.

Defendant further stated in her petition that plaintiff maintained that he had never received any payments on the judgment.

On July 7, 1969, the trial court entered an order granting the defendant leave to appear and defend against the judgment. Two trials were held. At the first trial, the court found against the plaintiff and vacated the amount of the judgment by confession. However, the trial judge ordered a new trial because of certain evidentiary errors that had occurred during the trial. After the new trial before another judge, a final judgment was entered for defendant on January 13, 1971.

The opening of a judgment by confession is governed by Illinois Supreme Court Rule 276. (Ill. Rev. Stat. 1969, ch. 110A, par. 276.) In this regard, the first question raised is whether the order granting the defendant leave to appear and defend on the confessed judgment was entered in error. This question goes to the legal sufficiency of the verified petition filed by defendant on July 7, 1969, in which she asked the court to open the judgment. Plaintiff argues that this petition was both procedurally and substantively deficient. Turning to the complained of procedural deficiency, we note that Rule 276 states that the motion (or petition) to open a judgment by confession shall be supported by an affidavit and shall be accompanied by a verified answer which defendant proposes to file. In the instant case the only pleading filed by defendant in her effort to open the judgment was the sworn petition mentioned above which set forth her theory in broad and general terms. Neither a verified answer nor an affidavit as required by Rule 276 was presented for the trial court's consideration. It is clear that defendant did not comply with the Rule's procedural requirements.

■■ Although defendant was not in strict compliance with Rule 276, we would not say as a matter of law that this failure would be fatal to her petition. In this regard, we note that the rules governing civil procedure in this State are to be liberally construed so long as the substantive rights of all parties are protected. (Ill. Rev. Stat. 1969, ch. 110, par. 4.) For example, if defendant's sworn petition was in substantial compliance with the purpose for which Rule 276 was drafted, the absence of a verified answer or a form of affidavit would not be fatal. The verified petition would suffice if it contained the essential substantive requirements of the Rule. That is, it would suffice so long as it correctly disclosed a *prima facie* defense on the merits to the claim.

■■ We now turn to the sufficiency of the defense tendered by defendant in her verified petition. The only reference to a possible defense is set out in paragraph 7 of the petition:

> "7. From time to time in the few years preceding his death

defendant mentioned to petitioner that he was indebted to plaintiff, but was making payments on account thereof."

In other separate paragraphs of the petition, defendant stated that her father never mentioned that a judgment by confession had been entered against him nor did he have any knowledge of any judgment against him. A fair reading of these paragraphs leads us to the conclusion that petitioner, while ostensibly tendering a defense of partial payment, did not have any indication that such alleged payment was related to the confessed judgment.

■■ In view of the above, we turn to the requirement in Rule 276 that the affidavit filed in support of the motion must comply with Supreme Court Rule 191 which deals with the proper form for evidentiary affidavits. (Ill. Rev. Stat. 1969, ch. 110A, par. 191.) That Rule requires, in pertinent part, that the affidavit shall set forth with particularity the facts upon which a defense is based. While we do not insist that a defendant in a case such as this must comply strictly with the procedural aspects of Rule 276, a failure to present a *prima facie* defense on the merits defeats defendant's right to have the judgment opened. The Rule requires that the defendant must make a clear showing that he has a defense. A defense on the merits in this type of case has long been held to be one which depends on the inherent justice of the defendant's contention as shown by substantial facts. See *Busse v. Muller* (1938), 295 Ill.App. 101, 14 N.E.2d 669.

■■ An examination of defendant's petition, as noted above, discloses only a broad and general reference to a defense of partial payment. There is no attempt to comply with the requirement that substantial facts supporting the defense be set out. The claim of partial payment was vague and referred, at best, in general terms to alleged statements made by the deceased to his daughter. Further, the defendant admits that her father never acknowledged that a judgment was outstanding against him. Thus, we find that the petition lacked sufficient assertions of fact, as required by the Rules, to show a *prima facie* defense that would justify opening the judgment. (See *Wolfe v. Endres* (1969), 113 Ill.App.2d 96, 99-102, 251 N.E.2d 740, 742-744.) Therefore, we hold the trial court erred in granting defendant leave to appear and make a defense with the judgment to stand as security.

Plaintiff also contends that there were errors in the first trial that was conducted after the judgment by confession was opened. Since the judgment is being reversed for failure of defendant's petition to set forth a meritorious defense, we need not consider alleged trial errors, and not, in any event, those relating to the first trial.

The final judgment of January 13, 1971, and the order of July 7, 1969, granting leave to appear and defend are reversed and the cause remanded with directions to deny defendant's petition to open the judgment by confession.

Reversed and remanded with directions.

DRUCKER and ENGLISH, JJ., concur.