**BANK OF WAUKEGAN, a Banking Corporation**

v.

**Robert H. FRESHLEY**

v.

**Richard D. NEWLAND et al.**

**No. S 74-34.**

United States District Court, N. D. Indiana, South Bend Division.

Nov. 5, 1976.

William J. Reinke, South Bend, Ind., for plaintiff.

Frederick B. Ettl, South Bend, Ind., for defendant.

David T. Ready, Robert D. Lee, South Bend, Ind., for third party defendants.

## MEMORANDUM

ALLEN SHARP, District Judge.

Judgment was entered in favor of the plaintiff, Bank of Waukegan, an Illinois banking corporation, and against the defendant, Robert H. Freshley, and one John J. Rivelli by the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois, on October 11, 1973. The amount of the Illinois judgment is Seventy-seven Thousand Seven Hundred Sixty-nine and 48/100 Dollars ($77,769.48) plus costs of the suit, together with interest thereon at the rate of six per cent (6%) per annum from October 11, 1973 to date.

The Illinois judgment is based upon two promissory notes dated January 15, 1973 in the respective amounts of Sixty-eight Thousand Three Hundred Ninety-nine and 34/100 Dollars ($68,399.34) and Three Thousand Three Hundred Ninety-seven and 47/100 Dollars ($3,397.47). The defendant, Robert H. Freshley, signed each of the promissory notes as a co-maker. The notes contained a cognovit clause authorizing an attorney to confess judgment on behalf of the signatory co-makers.

The plaintiff on February 14, 1974 brought the present cause of action against the defendant suing upon the Illinois judgment.

On July 24, 1974 the defendant answered the complaint and offered as an affirmative defense the allegation that there was fraud which induced the defendant to sign the promissory note and the cognovit provision.

The defendants argue in opposition to the plaintiff's Motion for Summary Judgment that since there is an allegation of fraud this Court cannot grant plaintiff's Motion for Summary Judgment. Rather this Court must permit a collateral attack upon the Illinois judgment based upon the allegation of fraud in the inducement.

It is clear in Indiana that cognovit notes have been specifically outlawed by statute (I.C.1971, 34–2–26–1). But the plaintiff argues that the question before this Court is whether this Court must grant full faith and credit to the Illinois judgment which is based upon a cognovit note.

Were the issue that simple this Court could rule quickly and unequivocally. Indiana Courts and this Court must give full faith and credit to foreign judgments which result from cognovit notes. *W. H. Barber Co. v. Hughes,* 223 Ind. 570, 63 N.E.2d 417 (1945); *Egley v. T. B. Bennett & Co.,* 196 Ind. 50, 145 N.E. 830 (1924); *Kingman v. Paulson,* 126 Ind. 507, 26 N.E. 393 (1891); *Rodenbeck v. Crews State Bank & Trust,* 97 Ind.App. 21, 163 N.E. 616 (1928).

But the issue as stated by the plaintiff is not so simple and upon a closer analysis this Court is lead to an opposite conclusion.

This Court acquired jurisdiction by reason of the diversity of citizenship of the parties. The plaintiff is an Illinois corporation and the defendant is an Indiana resident. As such this Court is compelled to follow the law of Indiana. *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Indeed, as Justice Frankfurter said in *Guaranty Trust Co. of New York v. York,* 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945), the Federal Court becomes in effect another State Court.

"When, because the plaintiff happens to be a nonresident, such a right is enforceable in a federal as well as in a State court, the forms and mode of enforcing the right may at times, naturally enough, vary because the two judicial systems are not identical. But since a federal court adjudicating a state-created right solely because of the diversity of citizenship of the parties is for that purpose, in effect, only another court of the State, it cannot afford recovery if the right to recover is made unavailable by the State nor can it substantially affect the enforcement of the right as given by the State." Id. at 108, 109, 65 S.Ct. at 1469.

In *W. H. Barber Co. v. Hughes,* 223 Ind. 570, 63 N.E.2d 417 (1945), the Supreme Court of Indiana held that it must grant full faith and credit to an Illinois judgment which was predicated upon a cognovit note provision. But the Court also held that since the note and its cognovit provision were executed in Illinois the validity of the note and its cognovit provision must be determined by the law of Illinois. Id. at p. 423. If the judgment is valid and enforceable in Illinois it will be given full faith and credit in Indiana. But if it is subject to collateral attack in Illinois, i. e. lack of jurisdiction, then that question may also be raised in Indiana. *Williams v. State of North Carolina,* 317 U.S. 287, 63 S.Ct. 207, 87 L.Ed. 279 (1942).

Since this Court by reason of the diversity of the parties must apply Indiana law and since, under applicable conflicts of law theories Indiana Courts would apply Illinois law, therefore this Court must also look to the law of Illinois. If under Illinois law this Illinois judgment would be subject to collateral attack then it will also be subject to collateral attack in this Court.

The general rule in Illinois is that a judgment by a court having jurisdiction "is not open to contradiction or impeachment in any collateral action or proceeding, *except for fraud in its procurement.*" (emphasis added). *Baker v. Brown,* 372 Ill. 336, 340, 23 N.E.2d 710, 712 (1939). Furthermore, in a more recent case the Illinois Appellate Court said:

"A judgment obtained by collusion or fraud is open to attack whenever and wherever it is sought to be enforced, even in a collateral proceeding, Freeman, Judgments sec. 318. 1 Black, Judgments sec. 293. Our court has consistently held that when a judgment is procured through fraud and collusion for the purpose of defrauding some third person, the third person may show the fraud and collusion collaterally and escape the burdens and injuries thus thrust upon him. *Green v. Hutsonville Tp. High School Dist.,* 356 Ill. 216, 190 N.E. 267 (1934). *Wing v. Little,* 267 Ill. 20, 107 N.E. 875 (1915). *Elting v. First Nat'l Bank,* 173 Ill. 368, 50 N.E. 1095 (1898)."

*Shapiro v. DiGuilio,* 95 Ill.App.2d 184, 237 N.E.2d 771 at p. 774 (1968). See also, *Mann v. Mann,* 133 Ill.App.2d 552, 273 N.E.2d 40 (1971), citing *Shapiro* as controlling.

Similarly, in *Marcus v. Wilson,* 16 Ill. App.3d 724, 306 N.E.2d 554 (1973), the Illinois Appellate Court held in reference to a confession of judgment:

" . . . an exception to the general rule allowing only a direct attack on a judgment exists when a party seeks to prove that a judgment was procured through fraud or collusion. (*Shapiro v. DiGuilio* (1968), 95 Ill.App.2d 184, 237 N.E.2d 771.) Fraud vitiates every transaction, even when robed in a confessed judgment. (*Hughes v. First Acceptance Corp.* (1931), 260 Ill.App. 176.)" Id. at 560.

It appears clear after an examination of Illinois law that an Illinois Court would permit a collateral attack upon an Illinois judgment when there is an allegation of fraud in that inducement. This Court is then drawn to the conclusion that plaintiff's motion for summary judgment must be denied. Further, the defendant must be permitted to assert its affirmative defense of fraud in the inducement and to collaterally attack the Illinois judgment. For this Court to hold otherwise would deny to the defendant a defense which he would have enjoyed in Illinois if the plaintiff had executed upon the Illinois judg-

ment in an Illinois Court. This Court will give full faith and credit to Illinois judgments. By applying Illinois law this Court will not give to the plaintiff rights which he would not have enjoyed in Illinois Courts nor deny to the defendant defenses which he would have enjoyed in Illinois Courts. This Court will permit no more and no less than an Illinois Court.

Therefore, since there is in issue a material fact, fraud in inducement, and since an Illinois Court would permit this allegation of fraud as a basis for a collateral attack upon the Illinois judgment, therefore plaintiff's motion for summary judgment must be and is DENIED.