MELROSE FINANCE CO., Plaintiff-Appellee, *v.* INN TOWN HOTEL, INC., d/b/a Cedar Hotel, Defendant-Appellant.

First District (1st Division)   No. 77-785

Opinion filed February 6, 1978.

Gerald Petaque and Jack Gore, both of Fichera and Gore, of Skokie, for appellant.

Warren Krinsky and Samuel S. Berger, both of Cohen & Berger, of Chicago, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Plaintiff Melrose Finance Co. initiated a proceeding to confirm a confession of judgment against defendant Inn Town Hotel, Inc. After the confession of judgment was filed and entered, summons to confirm the judgment was filed and entered, summons to confirm the judgment was served on defendant. On the return date, the defendant, by its attorney, filed its appearance and the case was set for hearing on September 13, 1976.

On September 13, 1976, at the request of defendant, the case was continued to December 20, 1976. However, on December 20, no one appeared on defendant's behalf and an *ex parte* order confirming the judgment was entered.

Defendant subsequently moved to vacate the *ex parte* confirmation of judgment and also to vacate a garnishment that plaintiff had taken out in

the interim. The motion was denied. Defendant's subsequent motion for rehearing was also denied.

We affirm.

Plaintiff Melrose Finance Co. filed a complaint against defendant Inn Town Hotel, Inc., on a contract of which plaintiff was the assignee. The complaint and cognovit for confession of judgment was filed on June 15, 1976. Judgment for $2,127.50 and costs was entered several days later.

Plaintiff then served summons to confirm the confession of judgment. On the return date, defendant filed its appearance and the case was set for hearing on September 13, 1976. On September 13, 1976, at the request of defendant, the case was continued to December 20, 1976. On December 20, no one appeared in defendant's behalf and an *ex parte* order confirming judgment was entered.

Defendant filed a motion to vacate the *ex parte* confirmation of judgment on January 17, 1977. The motion was entered and continued to January 28. On that date, defendant again moved to vacate the *ex parte* confirmation of judgment and also to vacate a garnishment that plaintiff had taken out in the interim. This motion was denied. Also denied was defendant's subsequent motion for rehearing.

On appeal, defendant argues that the trial court erred in denying the motion to vacate the *ex parte* confirmation of the confession of judgment. Defendant argues that substantial justice will be had by vacating the judgment and further, that no prejudice will result to plaintiff thereby.

We disagree. Supreme Court Rule 276 (Ill. Rev. Stat. 1975, ch. 110A, par. 276) sets forth the procedure for opening a judgment by confession. It states in relevant part that:

> "A motion to open a judgment by confession shall be supported by affidavit in the manner provided by Rule 191 for summary judgments, and shall be accompanied by a verified answer which defendant proposes to file. If the motion and affidavit disclose a prima facie defense on the merits to the whole or a part of the plaintiff's demand, the court shall set the motion for hearing. The plaintiff may file counteraffidavits."

■■ Most of the cases involving Rule 276 are concerned with whether the affidavits and verified answers establish a prima facie defense. Establishing such a defense is crucial to opening a confession of judgment. (See *Ritz v. Karstenson* (1976), 39 Ill. App. 3d 877, 350 N.E.2d 870; *Turner v. Smiley* (1972), 8 Ill. App. 3d 388, 291 N.E.2d 27.) In *Turner* the court stated:

> "While we do not insist that a defendant in a case such as this must comply strictly with the procedural aspects of Rule 276, *a failure to present a prima facie defense on the merits defeats defendant's right to have the judgment opened. The Rule requires that the*

*defendant must make a clear showing that he has a defense.* A defense on the merits in this type of case has long been held to be one which depends on the inherent justice of the defendant's contention as shown by substantial facts. See *Busse v. Muller* (1938), 295 Ill. App. 101, 14 N.E.2d 669." (Emphasis added.) 8 Ill. App. 3d 388, 391, 291 N.E.2d 27, 29.

In the present case, the action was continued several times. Defendant's attorney was present at each continuance. Numerous motions to open the confession of judgment were filed by defendant's attorney, but none of them were supported by an affidavit or verified answer. Neither was any attempt made to establish a prima facie defense.

In our opinion, compliance with the requirements of Rule 276 is essential as a condition to opening a confession of judgment. Consequently, because defendant failed to comply with Rule 276 by failing to file affidavits or a verified answer, we have no choice but to affirm the trial court's decision not to vacate the *ex parte* confirmation of judgment.

For the foregoing reasons, the order of the circuit court of Cook County is affirmed.

Order affirmed.

GOLDBERG, P. J., and O'CONNOR, J., concur.