Robert COX, Defendant-Appellant,

v.

FIRST NATIONAL BANK OF WOOD-LAWN, Plaintiff-Appellee.

No. 1–481A116.

Court of Appeals of Indiana,
First District.

Sept. 30, 1981.

Rehearing Denied Nov. 12, 1981.

Daniel F. Hewins, Hewins, Songer & Hewins, Evansville, for defendant-appellant.

Stephan E. Weitzel, Early, Arnold & Ziemer, Evansville, for plaintiff-appellee.

RATLIFF, Judge.

### STATEMENT OF CASE

Robert Cox appeals from an entry of summary judgment in favor of the First National Bank of Woodlawn on its complaint to enforce an Illinois judgment based upon a cognovit note executed in Illinois. We affirm.

### FACTS

On September 26, 1979, the Bank filed its complaint to enforce a judgment rendered by the Circuit Court of Jefferson County, Illinois, on June 29, 1979, for $12,545.00. The judgment was based upon a cognovit promissory note containing a standard provision for confession of judgment without personal service of process upon Cox. Cox filed his answer in defense and counter-

claim in two counts, demanding trial by jury, in the Vanderburgh Superior Court on January 17, 1980. At no point in any of these responsive pleadings did Cox raise the affirmative defense of the Illinois court's lack of personal jurisdiction to render a judgment against him. On September 16, 1980, the Bank filed a motion for summary judgment which Cox opposed by affidavits. The Vanderburgh Superior Court entered the following judgment in favor of the Bank on October 14, 1980:

## "JUDGMENT ENTRY

Comes now the First National Bank of Woodlawn, by counsel, Early, Arnold & Ziemer, by Stephan E. Weitzel, and the defendant, Robert Cox, by counsel, Hewins, Songer & Hewins, by Daniel F. Hewins, and this matter having come on to be heard on the Motion of the First National Bank of Woodlawn for a Summary Judgment on its Complaint on Foreign Judgment pursuant to Trial Rule 56, Indiana Rules of Trial Procedure, and the Court having considered the Complaint on Foreign Judgment and the response thereto of the defendant, Robert Cox, and having considered the pleadings in this action, the affidavits of Robert C. Cox and Daniel F. Hewins filed herein on 22 September 1980, having heard the oral statements of counsel, and having considered the memoranda submitted herein, the Court now finds as follows: That on 29 June 1979, the Circuit Court of the Second Judicial Circuit, Jefferson County, Illinois, rendered a judgment in the amount of Twelve Thousand Forty-Five Dollars ($12,045.00), together with plaintiff's costs and a reasonable attorney's fee in the sum of Five Hundred Dollars ($500.00), against the defendant, Robert Cox, an individual residing in Vanderburgh County, Indiana, a certified copy of which judgment was attached to the Complaint on Foreign Judgment as Exhibit A; further, that no part of such judgment has been paid, and there currently is due to plaintiff thereon the sum of Twelve Thousand Forty-Five Dollars ($12,045.00), together with plaintiff's costs and a reasonable attorney's fee in the sum of Five Hundred Dollars ($500.00) and interest thereon at the rate of eight percent (8%) per annum since 29 July 1979 in the amount of One Thousand Four Hundred Three Dollars Thirty-Seven Cents ($1,403.37), on the basis of an accrual on the amount of said judgment at the rate of Two Dollars Seventy-Nine [Cents] ($2.79) per diem, plus the costs of this action in the amount of Thirty-Two Dollars ($32.00), for a total sum due and owing from said defendant in the amount of Thirteen Thousand Nine Hundred Eighty Dollars Thirty-Seven Cents ($13,980.37), represented as follows:

| Item | Amount |
| --- | --- |
| Judgment | $12,545.00 |
| Interest (from the date of judgment through 14 October 1980, at 8% per annum) | 1,403.37 |
| Court costs | 32.00 |
| TOTAL: | $13,980.37 |

further, that the affidavits filed in opposition to plaintiff's Motion for Summary Judgment do not present allegations of fraud in the execution of the note underlying the judgment rendered by the Circuit Court of the Second Judicial Circuit, Jefferson County, Illinois, nor in the procurement of said judgment, but rather, said affidavits speak more in terms of presenting the affirmative defenses of waiver and estoppel; and the Court having further found that there is no genuine issue of fact to be submitted to the Court with respect to plaintiff's Complaint on Foreign Judgment; and the Court having concluded that the plaintiff is entitled to judgment as a matter of law on all those issues and claims raised by the plaintiff's Complaint on Foreign Judgment; and the Court having determined that there is not just reason for delay in entering judgment for the plaintiff on its Complaint on Foreign Judgment and that there should be entry of judgment in favor of the plaintiff on its Complaint on Foreign Judgment, it is

ORDERED, ADJUDGED AND DE-CREED, that plaintiff's Motion for Summary Judgment is in all respects granted, and it is further

ORDERED, ADJUDGED AND DE-CREED, that there is not just reason for delay in entering judgment in favor of the plaintiff on its Complaint on Foreign Judgment and that judgment shall be, and it is hereby entered, for the First National Bank of Woodlawn against the defendant, Robert C. Cox, on the Complaint on Foreign Judgment of the plaintiff in the amount of Thirteen Thousand Nine Hundred Eighty Dollars Thirty-Seven Cents ($13,980.37), computed as follows, to-wit:

| Item | Amount |
| --- | --- |
| Judgment | $12,545.00 |
| Interest (from the date of judgment through 14 October 1980, at 8% per annum) | 1,403.37 |
| Court costs | 32.00 |
| TOTAL: | $13,980.37 |

and, in addition, the judgment herein entered shall bear interest from 14 October 1980, until satisfied, at the rate of eight percent (8%) per annum.

DATED: This 14 day of October, 1980.

s/s William D. Stephens
 Judge,
 Vanderburgh Superior Court

DISTRIBUTION:
Stephan E. Weitzel
Daniel F. Hewins
George C. Barnett
Morton W. Newman
Jeffrey R. Frank
Robert Compton
Max W. Linneweber"

## ISSUES

The issues are stated by Cox as follows:

"I. Whether there was a genuine issue of material fact preventing entry of summary judgment.

"II. Whether the foreign judgment sued upon was entered under circumstances repugnant to principles of fundamental fairness thereby rendering its enforcement in Indiana repugnant to this State's public policy."

## DISCUSSION AND DECISION

Cox contends that, although the language of the cognovit note which he signed provided that a confession of judgment could be entered without process having been effected against him, an officer of the Bank had stated that written notice would be given Cox prior to the Bank's taking legal action on the note. Cox stated in his affidavit accompanying his motion in opposition to the Bank's motion for summary judgment:

"At no time did I receive written notice of the Bank's legal action on the promissory note in question. My first notice of same was receipt of the summons and complaint in this cause of action, stating that a judgment had been taken against me without my knowledge in Illinois. I did receive a letter from the Bank dated May 24, 1979, demanding payment and stating that other measures would be taken if the note had not been paid in a reasonable length of time. I did not take this as having changed the Bank's promise I would be given notice of legal action."

Record at 38; Appellant's Brief at 10. Cox also filed an affidavit by his Indiana attorney, Daniel F. Hewins, to the effect that he, Hewins, was the one who had spoken with the Bank employee who informed him that written notice would be given before legal action was undertaken in Illinois. Cox argues, therefore, that summary judgment was inappropriate because there was a question of fact in this case as to whether or not the Illinois Court lacked personal jurisdiction over him.

The Bank argues, on the other hand, that the judgments of both the Illinois and the Indiana courts were validly and properly rendered in this cause. We agree.

The general rule in Indiana, based upon the authority of the Federal Constitution and 28 U.S.C.A. § 1738, is that judgments of a sister state court will be given

full faith and credit by Indiana courts. 17 I.L.E. *Judgment* § 552 (1959). It is also true that in spite of Indiana's aversion to cognovit provisions, a valid foreign judgment based on a cognovit note will be given full faith and credit in Indiana. *Id.; W.H. Barber Co. v. Hughes,* (1945) 223 Ind. 570, 63 N.E.2d 417; *Spahr v. P & H Supply Co.,* (1945) 223 Ind. 591, 63 N.E.2d 425. To do so has been held not to offend the public policy of this state. *Egley v. T.B. Bennett & Co.,* (1924) 196 Ind. 50, 145 N.E. 830. Nevertheless, if the judgment is subject to collateral attack in the jurisdiction where it was entered, then it is subject to collateral attack in Indiana. *Bank of Waukegan v. Freshley,* (N.D.Ind.1976) 421 F.Supp. 1033.

 Under applicable conflicts of law theories, Indiana courts must apply Illinois law in order to determine whether or not the Illinois judgment is subject to collateral attack either because there are allegations that the Illinois court lacked jurisdiction over the person against whom the judgment was rendered, *Podgorny v. Great Central Insurance Co.,* (1974) 160 Ind.App. 244, 311 N.E.2d 640, or because fraud is alleged in the procurement of the judgment. *Bank of Waukegan v. Freshley, supra.*[1] We agree with the Vanderburgh Superior Court that none of the statements contained in the pleadings or affidavits filed by Cox rise to the level of allegations of fraud, and Cox does not argue otherwise. Lack of personal jurisdiction by the court rendering the judgment is an equally legitimate ground for collateral attack upon a foreign judgment: " 'if the conclusiveness of a judgment or decree in a court of one state is questioned in a court of another government, Federal or state, it is open, *under proper averments,* to inquire whether the court rendering the decree or judgment had jurisdiction to render it.' " *Podgorny v. Great Central Insurance Co., supra,* at 311 N.E.2d 643, citing *Old Wayne Life Association v. McDonough,* (1907) 204 U.S. 8, 15–16, 27 S.Ct. 236, 238, 51 L.Ed. 345. (Emphasis added.) Judge Garrard also stated in *Pod-*

*gorny* "that the burden of undermining the decree of a sister state 'rests heavily upon the assailant.' *Williams v. North Carolina* [(1945) 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577]; *Ulrey v. Ulrey* [(1952) 231 Ind. 63, 106 N.E.2d 793]; *Irons v. Irons* (1961) 242 Ind. 504, 180 N.E.2d 105." 311 N.E.2d at 643. The burden of proving that the Illinois court lacked personal jurisdiction in this case, therefore, was on Cox.

 Cox does not argue that the cognovit provision of the note was invalid under Illinois law or that the procedures used by the Illinois court under the confession of judgment terms of the promissory note in question and the Illinois Civil Practices Act were not strictly followed. Under Illinois law the act of appearance by an attorney pursuant to the warrant of attorney in cognovit notes confers personal jurisdiction over the defendant on an Illinois court. *Sears Bank & Trust Co. v. Scott,* (1975) 29 Ill.App.3d 1001, 331 N.E.2d 607. The court having jurisdiction, any error in the exercise of that jurisdiction would result at most in the judgment's being voidable and not void. *Id.; Egley v. T.B. Bennett & Co., supra.* Lack of service of process upon a defendant in an action on a cognovit note does not, therefore, deprive an Illinois court of personal jurisdiction to render a judgment in a case such as this. *See, id.; Rodenbeck v. Crews State Bank & Trust Co.,* (1928) 97 Ind.App. 21, 163 N.E. 616, *trans. denied* (1933); *Barber Co. v. Hughes, supra.* Any questions dealing with the authority of an attorney to confess judgment for Cox would involve questions regarding the warrant of attorney and could render the judgment voidable, but not void. *Sears Bank & Trust Co. v. Scott, supra.* Because the Illinois judgment in this case could be merely voidable and not void, it is not subject to collateral attack either in Illinois or in Indiana. *See Federal Sign & Signal Corp. v. Czubak,* (1978) 57 Ill.App.3d 176, 14 Ill.Dec. 686, 372 N.E.2d 965.

 Furthermore, the Illinois Civil Practice Act, Rule 72, Ill.Stat.Ann. ch. 110, § 72

1. Another ground upon which a foreign judgment may be collaterally attacked, of course, is lack of subject matter jurisdiction by the court entertaining the original action. Cox does not raise this issue at any point in the proceedings below or on appeal.

(Smith-Hurd),[2] provides a procedure whereby a party may petition the Illinois court, accompanied by affidavit, for relief from a judgment within two years of its entry. In addition, the Illinois Supreme Court has adopted a Rule 276, Ill.Stat.Ann. ch. 110A, § 276 (Smith-Hurd),[3] to supplement Rule 72 when a party seeks to vacate a judgment by confession. This rule requires that a motion to open a judgment by confession be supported by affidavit and accompanied by a verified answer proposed to be filed by defendant. Illinois courts have interpreted this rule to require compliance therewith as a condition precedent to the opening of any judgment by confession. *See Melrose Finance Co. v. Inn Town Hotel, Inc.*, (1978) 57 Ill.App.3d 496, 15 Ill.Dec. 177, 373 N.E.2d 523. Because the Illinois judgment by con-

---

2. "(Civil Practice Act, § 72). Relief from judgments

§ 72. Relief from judgments. (1) Relief from final orders and judgments, after 30 days from the entry thereof, may be had upon petition as provided in this Section. Writs of error coram nobis and coram vobis, writs of audita querela, bills of review and bills in the nature of bills of review are abolished. All relief heretofore obtainable and the grounds for such relief heretofore available, whether by any of the foregoing remedies or otherwise, shall be available in every case, by proceedings hereunder, regardless of the nature of the order or judgment from which relief is sought or of the proceedings in which it was entered. There shall be no distinction between actions and other proceedings, statutory or otherwise, as to availability of relief, grounds for relief or the relief obtainable.

(2) The petition must be filed in the same proceeding in which the order or judgment was entered but is not a continuation thereof. The petition must be supported by affidavit or other appropriate showing as to matters not of record. All parties to the petition shall be notified as provided by rule.

(3) The petition must be filed not later than 2 years after the entry of the order or judgment. Time during which the person seeking relief is under legal disability or duress or the ground for relief is fraudulently concealed shall be excluded in computing the period of 2 years.

(4) The filing of a petition under this Section does not affect the order or judgment, or suspend its operation.

(5) Unless lack of jurisdiction affirmatively appears from the record proper, the vacation or modification of an order or judgment pursuant to the provisions of this Section does not affect the right, title or interest in or to any real or personal property of any person, not a party to the original action, acquired for value after the entry of the order or judgment but before the filing of the petition, nor affect any right of any person not a party to the original action under any certificate of sale issued before the filing of the petition, pursuant to a sale based on the order or judgment.

(6) Nothing contained in this Section affects any existing right to relief from a void order or judgment, or to employ any existing method to procure that relief. Amended by P.A. 78–665, § 1, eff. Oct. 1, 1973; P.A. 79–1366, § 16, eff. Oct. 1, 1976."

3. "(Supreme Court Rule 276). Opening of Judgment by Confession

A motion to open a judgment by confession shall be supported by affidavit in the manner provided by rule 191 for summary judgments, and shall be accompanied by a verified answer which defendant proposes to file. If the motion and affidavit disclose a *prima facie* defense on the merits to the whole or a part of the plaintiff's demand, the court shall set the motion for hearing. The plaintiff may file counter-affidavits. If, at the hearing upon the motion, it appears that the defendant has a defense on the merits to the whole or a part of the plaintiff's demand and that he has been diligent in presenting his motion to open the judgment, the court shall sustain the motion either as to the whole of the judgment or as to any part thereof as to which a good defense has been shown, and the case shall thereafter proceed to trial upon the complaint, answer, and any further pleadings which are required or permitted. If an order is entered opening the judgment, defendant may assert any counterclaim, and plaintiff may amend his complaint so as to assert any other claims, including claims which have accrued subsequent to the entry of the original judgment. The issues of the case shall be tried by the court without a jury unless the defendant or the plaintiff demands a jury and pays the proper fee (if one is required by law) to the clerk at the time of the entry of the order opening the judgment. The original judgment stands as security, and all further proceedings thereon are stayed until the further order of the court, but if the defense is to a part only of the original judgment, the judgment stands as to the balance and execution may issue thereon. If a defendant files a motion supported by affidavit which does not disclose a defense to the merits but discloses a counterclaim against the plaintiff, and defendant has been diligent in presenting his motion, the trial court may permit the filing of the counterclaim and to the extent justice requires may stay proceedings on the judgment by confession until the counterclaim is disposed of."

fession is not subject to any attack in Illinois unless and until the procedures of Rule 72 of the Illinois Civil Practice Act and Rule 276 of the Illinois Supreme Court have been complied with, we are not inclined to interfere with the Illinois judgment here.

The Bank also contends that Cox did not properly present this question to the trial courts below and thus has waived the issue for purposes of appeal. In essence, we agree.[4]

Indiana Rules of Procedure, Trial Rules 8(C) and 12(B) require that a party plead, either by motion or responsive pleading, the affirmative defense of lack of jurisdiction over the person. *See Burger Man, Inc. v. Jordan Paper Products, Inc.*, (1976) 170 Ind.App. 295, 352 N.E.2d 821, *trans. denied* (1977). "The defense of lack of jurisdiction over the person is waived to the extent constitutionally permissible . . . if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(A) to be made as a matter of course." T.R. 12(H)(1)(b). As the Bank noted Cox did not properly aver his alleged defense of the Illinois court's lack of personal jurisdiction over him either in his answer or in either of the two counts of his counterclaim or in any other way within the time limits prescribed by T.R. 15(A). It was only in response to the Bank's motions for summary judgment that Cox filed his and his attorney's affidavits to the effect that the Bank had promised to give Cox written notice before it took legal action upon default. We do not find, however, that these affidavits would support even an inference that the Illinois court lacked personal juris-

diction over him to enter its judgment. Additionally, Cox admitted, in his own words, that the Bank had in fact written him, "demanding payment and stating that other measures would be taken if the note had not been paid in a reasonable length of time." Record at 38; Appellant's Brief at 10. We agree with the Vanderburgh Superior Court that these statements in the affidavit speak only to the affirmative defenses of waiver and estoppel and not to the issue of personal jurisdiction of the Illinois court.

Because the question of whether or not the Illinois court lacked personal jurisdiction over him is the only issue which Cox argues presents a question of fact precluding the Indiana trial court's entry of summary judgment in this case and because the record does not support even an inference that the Illinois court lacked personal jurisdiction to enter its judgment in this cause, we must hold that Cox has not sustained his burden of convincing us that the Vanderburgh Superior Court's judgment should be disturbed.

Judgment affirmed.

NEAL, P. J., and ROBERTSON, J., concur.

---

4. Unlike questions of subject matter jurisdiction (see note above) which may be raised at any time, questions as to personal jurisdiction of a court may be waived for failure to assert them in a timely fashion. The Bank argues that Cox has waived the issue of personal jurisdiction because he had failed to raise it prior to his filing his motion to correct errors. We find nothing in the record to contradict this assertion and agree that where a party did not raise an issue which he could have raised earlier until he filed his motion to correct errors, he may not raise that issue on appeal. *Hormuth Drywall & Painting Service, Inc. v. Erectioneers, Inc.*, (1978) Ind.App., 381 N.E.2d 490, *trans. denied.* It would appear, however, from the judgment entry that the Vanderburgh Superior Court might have given Cox the benefit of the doubt and at least considered the issue. We do the same.