The National Bank and Trust Company of South Bend, a Corporation, Plaintiff-Appellee, v. Benjamin M. Becker, Barney Cushman, Milton Perlson, Norman Weinstein, and Harry E. Williams, Defendants-Appellants.

### Gen. No. 48,709.

First District, Second Division.

October 23, 1962.

Rehearing denied and opinion modified
November 20, 1962.

Crowley, Sprecher, Barrett & Karaba, of Chicago (Robert A. Sprecher and David M. Becker, of counsel), for Benjamin M. Becker, Barney Cushman, Milton Perlson and Harry E. Williams, appellants; Samuel Morgan, of Chicago, for Norman Weinstein, appellant.

John W. Dorgan and Harold T. Berc, of Chicago (Harold T. Berc, of counsel), for appellee.

MR. JUSTICE BURKE delivered the opinion of the court:

Plaintiff's complaint sought to recover upon five instruments of guaranty separately executed and delivered by each defendant on different dates, which unconditionally guaranteed to pay all existing and future indebtedness of Bar-Lin Steel Corporation, including all renewals and extensions thereof. The principal sum of $95,000 had been loaned to the corporation of which the defendants were shareholders. Upon consideration of all the pleadings and affidavits, the court entered summary judgment against the defendants for $104,187.59, which included accrued interest of $9,187.59. Plaintiff's claim for the allowance of attorney's fees was reserved. Defendants appeal.

The pleadings, unverified, consist of the complaint and answer by Norman Weinstein, a separate answer by the remaining defendants and a reply to each answer. The trial judge had before him the pleadings, the affidavit of R. W. Goheen in support of the motion for summary judgment, and the affidavits of Benjamin M. Becker, Norman Weinstein and Barney Cushman in opposition. Plaintiff filed a motion to strike the affidavit in opposition to the motion for summary judgment. Plaintiff did not file any counteraffidavit to the affidavits of the defendants.

■ From the pleadings and affidavits it appears that on November 13, 1959, the corporation borrowed $50,000 from plaintiff, a bank doing business in South Bend, Indiana. This first $50,000 loan to the corporation was upon the personal credit and financial responsibility of defendant Weinstein as well as upon the credit of the corporation. Thereafter but prior to December 22, 1959, plaintiff loaned the corporation an additional $10,000. This loan was also made upon the credit of the corporation and defendant Weinstein. The defendants agreed orally with the officers of plaintiff on or about December 22, 1959, to personally guarantee a maximum of $90,000 in loans in excess of the first $60,000 of loans theretofore made to the corporation. The defendant Becker was present during the discussion with officers of plaintiff, including its president, R. W. Goheen, on or about December 22, 1959, when it was agreed that the personal guarantees of the defendants would apply only to amounts loaned in excess of $60,000. Subsequent to the oral agreement of December 22, 1959, plaintiff made additional loans to the corporation of $35,000 so that at the time of the filing of the complaint the corporation had borrowed a total of $95,000, represented by three notes which were attached to the complaint and the Goheen affidavit. None of the three notes attached to the Goheen affidavit was signed, endorsed or guaranteed by any of the defendants Becker, Cushman, Perlson and Williams. The note dated May 17, 1960, for $10,000 appears to bear the personal signature of the defendant Weinstein. In accordance with the oral agreement of December 22, 1959, between the officers of the plaintiff and the defendants, each of the latter signed standard printed guaranty forms prepared and furnished by plaintiff. Defendants say that nowhere in the pleadings or affidavits has the plaintiff alleged that the guarantees were delivered to it, or if

delivered, on what dates. Plaintiff was expressly advised and reminded in writing by means of a letter dated February 17, 1960, to an officer of the bank and signed by defendant Becker that the guarantees applied only and solely to monies loaned to the corporation in excess of $60,000, and that the guarantees were delivered upon this condition. The motion to strike the Becker affidavit admitted facts well pleaded, but not conclusions of law or conclusions of fact unsupported by allegations of specific facts upon which such conclusions rested. Skidmore v. Johnson, 334 Ill App 347, 357, 79 NE2d 762.

██ The decision of this case rests on the application of the parol evidence rule. The rule is founded on the long experience that written evidence is so much more certain and accurate than that which rests in fleeting memory only, that it would be unsafe, when the parties have expressed the terms of their contract in writing, to admit weaker evidence to control and vary the stronger and to show that the parties intended a different contract from that expressed in the writing. 32 CJS Sec 851, p 787. Defendants assert that there was delivery of the guarantees conditioned upon the limitation of liability set forth orally on December 22, 1959, and in writing on February 17, 1960. They say further that plaintiff has alleged the dates of the guarantees but not that any of them was delivered, or if delivered, on what dates. Defendants maintain that the only fact upon which the summary judgment "can be based" is that there was a conditional delivery, and that on this ground alone the judgment must be reversed. They insist further that they have a right upon a trial to introduce evidence on the question of the conditional delivery asserted by them. The parties are agreed that a written document, unconditional on its face and fully executed, can be shown by oral testimony to have been delivered subject to a

condition precedent. Therefore oral proof of the conditional delivery is admissible despite the face of the document to the contrary.

To come within the rule which admits parol evidence of a conditional delivery of a written contract, the condition must be qualified as a condition precedent and not a condition subsequent. If the condition is extraneous to the unambiguous language of the contract, it may qualify as a condition precedent. If the condition violates the terms of the contract, it is at best a condition subsequent, and parol or extrinsic evidence of a prior or contemporaneous agreement is inadmissible. Handley v. Drum, 237 Ill App 587; Schultz v. Meyer, 181 Ill App 335; Security Nat. Bank v. Pulver, 131 Minn 454, 155 NW 641; McCormick on Evidence (1954), page 450, note 4. In the instant case the condition claimed by the defendants is not without but within the terms of the guaranty for it requires a rewriting of these completed instruments. It will be noted that each of the instruments of guaranty was delivered in a completely integrated and unambiguous form. The defendants were not merely accommodation guarantors, but as shareholders of the corporation received a benefit from the loans and renewals made on the strength of the instruments of guaranty. In Cargill Commission Co. v. Swartwood, 159 Minn 1, 198 NW 536, the guarantors tried to limit their liability to a specific amount because of alleged oral understandings with the lender as in the case at bar. The court in turning away the defense presented by parol evidence said that the test of the completeness of a written contract is the document itself, and that if it appears to be complete, that ends the inquiry, and parol evidence is inadmissible to prove first the fact and then the purport of the alleged omission. An Illinois case which carefully distinguishes between an outside condition to the delivery of a written guaranty

312

and a condition which seeks to change or alter the terms of the guaranty is Chicago Title & Trust Co. v. Cohen, 284 Ill App 181, 1 NE2d 717. The rule in most states is that an alleged guarantor may show that the contract was not to come into force if another person was also to sign as a guarantor. This is held to be a collateral condition precedent because all that happens is that another signature is added, but the terms of the guaranty do not change. In the Cohen case the defendant was not allowed to defend with the condition that the officers and directors of the corporation were also to sign before the contract came into effect. The reasoning of the court in the Cohen case is that the guarantors themselves are named in the body of the guaranty. Thus additional names are not collateral to the instrument, but in direct contradiction of those specifically named within the instrument. The Cohen case distinguishes cases such as Bell v. McDonald, 308 Ill 329, 139 NE 613, cited by defendants, by showing that the parol evidence admitted in such cases is not contradictory of the language of the contract, but introduces a supplemental provision which would prevent the contract from coming into force. An unlimited unconditional guaranty as to amount cannot be supplemented by clauses limiting the amounts. Such a limitation is not a supplement to the language of the guaranty but contradicts its effect.

■ Defendants have raised no defense of factual nondelivery. It is undisputed that the notes and guarantees are in the possession of the plaintiff. They are presumed to have been delivered on the dates they bear. Bell v. McDonald, supra. In their answers the defendants admitted the delivery of the guarantees, but claim they were delivered conditionally.

■ A second point urged by defendants is that evidence is admissible to show that a term in a printed form was to be altered before the parties thereto be-

313

came bound. In our opinion the fact that a printed form was used does not change the operative force of the parol evidence rule. There were no blanks to be filled in the guaranty instruments. These instruments are complete, regular, unambiguous, and were transmitted on five different dates by five different persons. Defendants argue that they have set up a good defense of conditional delivery and that there is a genuine issue as to whether or not the guarantees were delivered in accordance with the oral agreement and express understanding of December 22, 1959, and the letter of February 17, 1960, which they say conditioned and delimited the operative effect of the signed printed forms of guaranty. They say that there is a disputed question of conditional delivery which should be submitted for determination to a judge or jury. The allegation of parol or extrinsic evidence purporting to create a conditional delivery does not create a genuine issue of material fact but raises a question of law. The defendants seek to limit their liability by parol evidence of a condition subsequent. The condition they propose is not outside the terms of the written instruments of guaranty but must, if admitted, vary and modify the unlimited liability manifest on the face of the unambiguous contracts.

For these reasons the judgment is affirmed.

Judgment affirmed.

BRYANT, P. J. and FRIEND, J., concur.