STAREN & CO., INC. *et al.*, Plaintiff-Appellee, *v.* WILLIAM G. SHAPIRO, Defendant-Appellant.

(No. 55486; ▮▮▮▮▮▮

First District—January 26, 1972.

418

Groble & Groble, of Chicago, for appellant.

Ira Marcus, of Chicago, for appellee.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

The plaintiff, Staren & Co., Inc., filed a complaint and confession of judgment pursuant to a promissory note dated March 11, 1969, and due March 12, 1970, in the sum of $9,007.75, which was signed by the defendant, William G. Shapiro, and made payable to the plaintiff. When the note was not paid on the due date, suit was filed in the Circuit Court of Cook County and a judgment was obtained on March 23, 1970, in the sum of $9,540.60 including attorney's fees of $532.85.

On June 25, 1970, the defendant filed a motion to vacate the judgment accompanied by an affidavit, and the court ordered a hearing on the motion for August 17, 1970. On that date the motion was denied, and the defendant instituted a new and separate cause of action against Staren & Co. and other defendants for certain alleged grievances suffered. The order denying defendant's motion to vacate is the subject of this appeal.

On appeal the defendant asserts it was error to deny the motion to vacate the judgment by confession because he showed a meritorious defense and/or a counterclaim and that he was diligent in presenting his motion.

In November of 1968, William G. Shapiro was hired as a solicitor for Staren & Co., a clearing member of the Chicago Mercantile Exchange. Upon the termination of his employment differences existed between him and the company. One such difference was that the company demanded the defendant pay for deficit balances in certain accounts. In order to obtain the written release from his employer required by the Exchange in order to solicit for another member of the commodities exchange, he signed the note in question, although he maintained he should not be liable for the deficits. In a letter to John Staren of Staren & Co., Mr. Shapiro's attorney wrote:

"Kindly be advised that Mr. William Shapiro has conferred with me

and has agreed to execute a promissory note to your firm to cover deficits on the following accounts,  *  *  *.

"*  *  *.

"Mr. Shapiro is signing the said promissory note with the understanding that in the event he seeks other employment elsewhere, your firm shall execute the necessary releases required for him to be employed by a member of the Chicago Mercantile Exchange or any other exchange."

In his affidavit accompanying the motion to vacate the judgment the defendant stated that Staren & Co., Inc., refused to give a written release unless the defendant signed the promissory note, and in consideration for the note the plaintiff was to be given a written release and was not to interfere with defendant's future employment or in any way jeopardize his ability to earn a living as a commodities solicitor. He also stated the plaintiff "actively slandered defendant's reputation as a person of good character and a competent and successful commodities solicitor by entering upon a course of conduct of orally advising defendant's future employers that the defendant was not a person of good character and was not a competent solicitor and doing this full knowing that these statements were untrue."

He further alleged the accounts with the deficits were in fact house accounts in violation of the rules and regulations of the Mercantile Exchange and Board of Trade, and it would be an injustice to hold him liable upon the deficiencies when in fact he was acting as the agent and employee of the plaintiff and for the sole profit and gain of the plaintiff in the soliciting of these accounts.

Finally, he alleged he first learned of the judgment against him on June 4, 1970. His contention is the note was obtained under economic duress, and he did not obtain the agreed consideration for the signing of the note.

Supreme Court Rule 276 provides how a judgment obtained by confession may be opened and states in part:

"A motion to open a judgment by confession shall be supported by affidavit in the manner provided by Rule 191 for summary judgments, and shall be accompanied by a verified answer which defendant proposes to file. If the motion and affidavit disclose a *prima facie* defense on the merits to the whole or a part of the Plaintiff's demand, the court shall set the motion for hearing. The Plaintiff may file counter-affidavits."

Supreme Court Rule 191 states in part:

"*Requirements.* Affidavits in support of and in opposition to a motion for summary judgment and affidavits under Section 48 of the Civil Practice Act shall be made on the personal knowledge of the affiants;

shall set forth with particularity the facts upon which the claim, counterclaim, or defense is based; shall have attached thereto sworn or certified copies of all papers upon which the affiant relies; shall not consist of conclusions but of facts admissible in evidence  *  *  *."

The primary question is then whether the motion and affidavits set forth facts which would indicate the defendant was under duress or was induced by fraud to sign the note. Shapiro cites the case of *Slade v. Slade* (1941), 310 Ill.App. 77, to stand for the proposition that where there is no reality of assent because of economic duress, a judgment obtained upon a note should be reopened. In that case a 70-year old widow was coerced into selling her interest in a corporation to her late husband's brother, who had control of the company and took advantage of her weak economic position. After noting that "the question of duress is one of fact in the particular case to be determined on consideration of the surrounding circumstances," the court held, with one justice dissenting, that the allegations of her amended complaint were sufficient to entitle her to have her case "submitted and disposed of upon the evidence that may be offered upon the trial of the action."

In the case at bar the defendant was engaged in a dispute with his employer and elected to settle by signing the note in question rather than litigate in court. He had the benefit of counsel who wrote a letter to Staren & Co., Inc., affirming the desire of his client to take responsibility for the account deficits in return for the necessary releases. That agreement may have been a compromise, but it was entirely proper. In *Joyce v. Year Investments, Inc.* (1964), 45 Ill.App.2d 310, the court stated:

"The compromise settlement of disputed claims are encouraged and favored by the courts. 11 ILP § 2 Compromise and Settlement. Accordingly where there is no fraud such agreements are upheld as valid contracts for otherwise no one could rely upon any settlement agreement as final."

Whether or not he should have been made to pay for the deficits of those certain accounts is not a matter for this court to decide. He signed the note with apparent deliberation and with full knowledge of its consequences. If the demand for payment was unjust he had the option of litigating in the courts. In *Joyce* the court also stated:

"The legal conception of economic or compulsory duress is in forcing a person to act against his own will. It does not exist when the person upon whom it has been so charged had an option of choice as to whether he will do the thing or perform the act said to have been done under duress. We think the Chancellor correctly held that the plaintiff had a choice of seeking relief from the courts."

The defendant also complains that the agreement consisted of more than what was contained in the letter, that Staren & Co., Inc., also agreed to not interfere with his future employment in any way. There are no facts contained in the affidavit to substantiate this claim. Supreme Court Rule 191 provides that the allegations "shall not consist of conclusions but of facts admissible in evidence." The allegations in the affidavit contain only his contentions and not facts admissible in evidence in a court of law.

For these reasons the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

BURMAN and ADESKO, JJ., concur.