INLAND REAL ESTATE CORPORATION, Plaintiff-Appellee, v. THOMAS SLYMON, Defendant-Appellant.

First District (5th Division) No. 76-770

Opinion filed December 30, 1977.

Dean Dimitri, of Berwyn, for appellant.

Harlene Matyas, of Chicago, for appellee.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Defendant appeals from an order denying his motion to open a judgment by confession entered against him. He contends that the trial court should have granted his motion because the motion complied with Supreme Court Rule 276. Ill. Rev. Stat. 1975, ch. 110A, par. 276.

On February 25, 1976, plaintiff filed a complaint alleging that defendant had failed to pay rent from December 1974 through August 1975 in violation of a lease between it and defendant dated August 10, 1974. The complaint contained a confession of judgment clause. The court entered judgment by confession in favor of plaintiff for $2,050.17 on March 4,

1976. Defendant filed a motion to open judgment on April 23, 1976, alleging a meritorious defense to plaintiff's claim. Although he admitted the execution of the lease, defendant asserted that he entered into negotiations with plaintiff regarding termination of the lease and that on or about November 30, 1974, plaintiff accepted a surrender. Accordingly, he quit the premises. In support of this motion defendant attached his personal affidavit. In it he asserted that:

> "3. During the month of October, 1974 said THOMAS SLYMON obtained employment in Du Page County, Illinois. Said employment necessitated his residence in that County as a precondition of his employment.
>
> 4. INLAND REAL ESTATE CORPORATION was apprised of the aforementioned employment. Its authorized agents informed THOMAS SLYMON that if verification of said employment and its requirement of residency was submitted to INLAND, then upon the waiving of his right to a previously paid security deposit, a surrender of the premises would be effected.
>
> 5. Subsequently, said verification was submitted to INLAND and both lessor and lessee agreed to forego their rights under the lease.
>
> 6. That the surrender was accepted and INLAND REAL ESTATE CORPORATION took possession of said premises, and THOMAS SLYMON has not since occupied or been in possession thereof."

Plaintiff answered defendant's motion denying any agreement, surrender, and acceptance. The affidavit of James A. Conklin, manager of the apartment building accompanied plaintiff's answer. In it Conklin admitted that defendant had requested a release from his lease because of a change in employment, but denied that any accommodation had ever been reached. Although Conklin admitted he received a letter from defendant's employer on November 22, 1974, he claims he received no further communication from defendant. On November 29, 1974 he learned that defendant had moved out.

After a hearing on May 13, 1976 the court denied defendant's motion to open judgment. Thereafter, plaintiff brought a motion to confirm judgment. Defendant responded with a motion to vacate the May 13, 1976 order denying his motion to open the judgment. On May 27, 1976 the court denied this motion and confirmed judgment against defendant, holding that defendant's motion to open judgment failed to set forth a *prima facie* defense to the complaint.

OPINION

Defendant contends that the trial court should have granted his motion to open the judgment because it complied with Supreme Court Rule 276 which sets forth the requirements for opening a judgment by confession.

(Ill. Rev. Stat. 1975, ch. 110A, par. 276.) Specifically, he argues that the court erred when it held that his motion and affidavit failed to disclose a *prima facie* defense. Although defendant acknowledges that he stopped paying rent when he vacated the premises in November 1974, he claims he did so pursuant to an oral agreement between himself and plaintiff.

■■ The surrender of a lease may be accomplished by parol agreement. (*McNeill v. Harrison & Sons, Inc.* (1936), 286 Ill. App. 120, 2 N.E.2d 959.) However, in attempting to open a judgment by confession on a lease, based on a parol agreement, defendant must set forth sufficient facts to establish a mutual surrender of the leasehold interest. (*Wohl v. Yelen* (1959), 22 Ill. App. 2d 455, 161 N.E.2d 339.) Defendant's affidavit here fails to do this.

Rule 276 provides that:

> "A motion to open a judgment by confession shall be supported by affidavit in the manner provided by Rule 191 for summary judgments * * *." Ill. Rev. Stat. 1975, ch. 110A, par. 276.

Supreme Court Rule 191 (Ill. Rev. Stat. 1975, ch. 110A, par. 191) states that:

> "(a) *Requirements.* Affidavits * * * shall be made on the personal knowledge of the affiants; shall set forth with particularity the facts upon which the claim, counterclaim, or defense is based; shall have attached thereto sworn or certified copies of all papers upon which the affiant relies; shall not consist of conclusions but of facts admissible in evidence; and shall affirmatively show that the affiant, if sworn as a witness, can testify competently thereto. * * *"

In contravention of these rules defendant's affidavit is general, conclusory, and incomplete. He alleges that he obtained employment in Du Page County which necessitated his residency there. Although he referred to documentation of this fact in his affidavit, he did not attach a verified copy of it as required by Rule 191. (Ill. Rev. Stat. 1975, ch. 110A, par. 191; *Burkett v. Finger Lake Development Corp.* (1975), 32 Ill. App. 3d 396, 336 N.E.2d 628.) In *Burkett* affiant failed to attach a certified copy of a contract which he relied upon in his affidavit. The court held that without the certified copy the "affidavit was deficient." 32 Ill. App. 3d 396, 401, 336 N.E.2d 628, 632.

■■ ■ More importantly, defendant failed to set forth with any particularity the facts surrounding the agreement to end the lease, his surrender of the premises, and plaintiff's acceptance of his surrender. Rather defendant states quite broadly that "authorized agents" informed him that upon verification of his employment "a surrender of the premises would be effected"; that "verification was submitted to plaintiff"; and that both parties "agreed to forego their rights under the lease." These

statements lack any specificity. Defendant fails to name the "authorized agents" with whom he spoke of their capacity. Nor does he reveal when or where the conversations took place. Accordingly, his allegations contain only contentions and not facts admissible into evidence in a court of law. (See *Staren & Co. v. Shapiro* (1972), 3 Ill. App. 3d 417, 421, 279 N.E.2d 470, 473.) His conclusion that a "surrender was accepted" by plaintiff is a recital of law not a factual statement. See *Donaghey v. Executive Funding Corp.* (1977), 45 Ill. App. 3d 951, 954, 360 N.E.2d 472, 475.

A motion which discloses only a broad and general reference to a defense without any attempt to set out substantial facts supporting that defense is insufficient to establish a *prima facie* defense as required by Rule 276 to open a judgment by confession. *Turner v. Smiley* (1972), 8 Ill. App. 3d 388, 391, 291 N.E.2d 27, 29, 30.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

MEJDA and WILSON, JJ., concur.