A. ALVIN ABRAMS, Plaintiff-Appellee, *v.* CHESTER W. MILLIRON *et al.*, Defendants-Appellants.

First District (2nd Division)   No. 79-408

Opinion filed June 24, 1980.

Philip D. Caloger, of Chicago, for appellants.

Fisch, Lanksy & Greenburg, of Chicago (Barry H. Greenburg, of counsel), for appellee.

Mr. JUSTICE HARTMAN delivered the opinion of the court:

Defendants appeal from the trial court's order denying their motion to vacate an *ex parte* confirmation of judgment. The issues raised by the appeal are whether defendants exercised sufficient diligence in opposing

the judgment as confirmed and whether a prima facie defense was presented in defendants' motion to vacate. For the reasons given below, we affirm.

On March 15, 1977, defendants executed a promissory note for $2,500 payable to plaintiff within 75 days thereafter and containing a provision for confession of judgment in the event of default. Added to the printed terms of the note is the following handwritten provision: "terms of payment are on separate agreement dated 3/15/77." No such agreement appears of record. On March 20, 1978, plaintiff filed his complaint to confess judgment on the note and on March 23, 1978, judgment was entered against defendants in the amount of $2,842.50, representing principal, interest and attorney's fees. Both defendants were served with summons to confirm the judgment on April 16, 1978. Defendants filed an appearance in the confirmation proceedings on April 25, 1978, as reflected in the reproduction of the half sheet included as appendix "A" to plaintiff's brief. Thereafter, continuances were granted until November 16, 1978, when the trial court confirmed the March 23, 1978, judgment *ex parte* for $2,842.50 and costs.

On December 13, 1978, defendants filed their "motion," designated only as such and containing as its prayer for relief that the court "* * * open said judgment by confession and * * * further set this cause for trial." No verified answer accompanied the motion; however, it was supported by an affidavit in which defendants admitted signing and delivery of the note but alleged that it represented "compensation for certain acts or services allegedly performed by the plaintiff in securing a buyer for a building located at 6328 N. Bell Avenue, Chicago, Illinois," and that they were informed and believed plaintiff was neither a registered real estate broker nor a real estate salesman. On the basis of designated provisions of the Real Estate Brokers and Salesmen License Act (Ill. Rev. Stat. 1977, ch. 111, par. 5701 *et seq.*), defendants alleged a meritorious defense to plaintiff's cause of action. They also averred without supporting facts or explanation of any kind that they "* * * believe that they have been diligent in presenting thir [sic] motion to open the said judgment by confession." Defendants' motion was denied on December 13, 1978.

■■ ■ Defendants argue no basis in their brief, nor do they offer any support whatsoever for the contention, that they were diligent in presenting their motion to vacate the judgment as confirmed. Plaintiff argues that there was no showing of diligence; the period from April 25, 1978, when defendants filed a *pro se* appearance in the confirmation proceedings, to December 13, 1978, when they filed their motion, constituted a delay of almost eight months that was contrary to the exercise of diligence and possibly dilatory; and under the due diligence

requirements of either Supreme Court Rule 276 (Ill. Rev. Stat. 1977, ch. 110A, par. 276) or section 72 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 72), whichever was applicable to defendants' motion, their course of conduct was insufficient to allow for relief. Rule 276 requires that a movant seeking to open a judgment by confession "* * * has been diligent in presenting his motion * * *" in order to prevail (Ill. Rev. Stat. 1977, ch. 110A, par. 276), as does section 72 of a petitioner seeking relief from a judgment thereunder (see, *e.g.*, *National Industries Inc. v. Howard* (1977), 54 Ill. App. 3d 416, 369 N.E.2d 597). Both provisions are to be liberally construed. *Kuh v. Williams* (1973), 13 Ill. App. 3d 588, 592, 301 N.E.2d 151; *City of Des Plaines v. Scientific Machinery Movers, Inc.* (1972), 9 Ill. App. 3d 438, 292 N.E.2d 154; *Stranak v. Tomasovic* (1941), 309 Ill. App. 177, 181, 32 N.E.2d 994.

■■ The record in this case reflects no action taken by defendants on the underlying judgment from April 16, 1978, when they were served with summons in the confirmation proceeding and thus had knowledge of the judgment, until December 13, 1978, a period of nearly eight months. While a two-month hiatus between notice of a confessed judgment and a motion to vacate was found in *Kuh v. Williams* to evince not so great a want of diligence as to justify barring presentation of a meritorious defense, the same cannot be said of the delay in the present case, particularly since defendants have tendered no explanation for it and plaintiff promptly initiated proceedings which apprised them of the judgment. (See *Kuh*, 13 Ill. App. 3d 588, 592.) In doing substantial justice we must recognize the rights of the opposing party and other litigants whose claims also merit the attention of the court. *Brown v. Drovers National Bank* (1977), 54 Ill. App. 3d 593, 595, 370 N.E.2d 30; *Deardorff v. Decatur & Macon County Hospital Association* (1969), 111 Ill. App. 2d 384, 250 N.E.2d 313.

■■ Furthermore, assuming due diligence had been in some measure supportable, the affidavit submitted by defendants is also deficient in pleading the requisite prima facie defense, which, in the absence of a verified answer as earlier noted, exacerbates the absence of any actionable factual basis for relief. A Rule 276 motion "* * * shall be supported by an affidavit in the manner provided by Rule 191 * * *," which, in turn, requires that such document "* * * shall set forth with particularity the facts upon which the * * * defense is based." The instant affidavit merely alludes to "* * * certain acts or services allegedly performed by the plaintiff * * *" as bringing him within the prohibition of securing compensation in violation of the Real Estate Brokers and Salesmen License Act (Ill. Rev. Stat. 1977, ch. 111, par. 5701 *et seq.*) without setting forth in even the most perfunctory manner what those "certain acts or services" were. Such a broad and general reference to a

1030

defense, without any attempt to disclose the factual basis therefor, is insufficient to establish a Rule 276 defense in order to open a judgment by confession. *Inland Real Estate Corp. v. Slymon* (1977), 56 Ill. App. 3d 581, 371 N.E.2d 1187; *Turner v. Smiley* (1972), 8 Ill. App. 3d 388, 291 N.E.2d 27.

For the foregoing reasons, we affirm the trial court's order denying plaintiff's motion to open the confirmed judgment.

Affirmed.

PERLIN, P. J., and DOWNING, J., concur.