HARRIS BANK ARGO, f/k/a Argo State Bank, Plaintiff-Appellee, v. MID-PACK CORPORATION *et al.*, Defendants-Appellants.

First District (2nd Division)   No. 86—0877

Opinion filed December 23, 1986.

Barbara M. Yarnold, of Chicago, and Geoffrey K. Gould, of Oak Lawn, for appellants.

Ronald J. Broida, of Goldstine & Broida, Ltd., of Summit, for appellee.

PRESIDING JUSTICE BILANDIC delivered the opinion of the court:

Harris Bank Argo, formerly known as Argo State Bank (Harris), obtained a judgment by confession against the Midpack Corporation (Midpack) and Anna Mae Joyce, also known as Anna Mae Longaker (Longaker). Defendants filed a motion to open the judgment by confession supported by affidavits and accompanied by a proposed answer. Plaintiff filed counteraffidavits. After a hearing, the trial court denied defendants' motion. This appeal followed.

The issues raised are: (1) whether the defendants' motion to open the judgment by confession presented a *prima facie* defense on the merits, and (2) whether judgment by confession was properly granted against defendants.

■■ To open a judgment by confession, the motion of the defendants, supported by affidavits, must disclose a *prima facie* defense on the merits. (87 Ill. 2d R. 276.) If a defendant establishes through its motion and supporting documents both (1) due diligence and (2) a *prima facie* defense to a whole or a part of the plaintiff's claim, then its motion to open a judgment by confession will be granted. (*Turner v. Smiley* (1972), 8 Ill. App. 3d 388, 291 N.E.2d 27.) A failure to present a *prima facie* defense on the merits defeats a defendant's right to have the judgment opened. The rule requires that the defendant must make a clear showing that he has a defense. 8 Ill. App. 3d 388, 390, 291 N.E.2d 27.

No issue as to defendants' diligence is present in this case. Therefore, we must examine defendants' motion and the accompanying affidavits to determine if they pleaded a *prima facie* defense.

Affidavits in support of motions to open judgments by confession "shall be made on the personal knowledge of the affiants; shall set forth with particularity the facts upon which the claim, counterclaim, or defense is based; shall have attached thereto sworn or certified copies of all papers upon which the affiant relies; shall not consist of conclusions but of facts admissible in evidence; and shall affirmatively

show that the affiant, if sworn as a witness, can testify competently thereto." 87 Ill. 2d R. 191(a).

Defendants' motion claimed that: (1) Midpack was not liable on the note because no officer of Midpack signed the note; (2) Longaker was not liable as a guarantor because the guaranty applied to a previous note; (3) neither defendant is liable because Harris failed to establish that it was an assignee of Argo State Bank; and (4) Longaker is not liable because she never received the proceeds of the loan.

## I

Nancy Lee Joyce, treasurer of Midpack, asserts in her affidavit that Midpack is not liable on the secured business note because Midpack did not sign the note. Longaker, Nancy Lee Joyce, and Thomas E. Joyce all signed the note. The affidavits as well as the note itself indicate that these individuals are owners, operators, and officers of said corporation. The name "Midpack Corporation" was clearly printed above the individual names. These same individuals also guaranteed the note. At the hearing, the trial court correctly observed: "Counsel, if this note is not the note of Midpack, why would these other persons sign a guaranty? You don't have to guarantee your own note."

Plaintiff's answer to the motion to open judgment by confession contains the affidavit of the vice-president at Harris along with attached exhibits. These exhibits included: (1) the original loan worksheet showing that the loan was made by Midpack; (2) the checking-account deposit ticket for the original loan of $55,000 verifying a deposit into the corporate account; (3) the checking-account statement noting the deposit of the loan proceeds into the Midpack account; and (4) the Midpack signature cards containing Longaker's signature.

■ We find nothing here to indicate anything other than a corporate obligation on the secured business note. It is clear that in signing the note, the individuals were signing as officers of the corporation and then guaranteed the note as individuals. Neither the motion nor the affidavits deny the position or authority of these individuals to bind the corporation. The trial court did not abuse its discretion in denying defendants' motion on the basis of this defense.

## II

Defendants assert that Longaker is not liable as a guarantor of the note since the guaranty applied to a previous note. We disagree.

■ The guaranty states that it is a "continuing, absolute and unconditional guaranty, and shall remain in force and effect until written

notice of its discontinuance shall be actually received by said Bank, and also until any and all of said indebtedness, liabilities and obligations created before receiving such notice of discontinuance shall be fully paid." This language indicates that the guaranty is a continuing one which covers past, present, and future debts. *Bank of Naperville v. Holz* (1980), 86 Ill. App. 3d 533, 407 N.E.2d 1102.

In light of the foregoing, it is clear that Longaker's guaranty applied to the first note and continued with each subsequent renewal of the loan.

### III

Defendants next assert that they cannot be held liable because Harris did not establish that it was an assignee of Argo State Bank. The difference between Argo State Bank and Harris Bank Argo is merely a name change. The Illinois Business Corporation Act of 1983 states that "[n]o amendment of the articles of incorporation of a corporation shall affect any existing cause of action in favor of or against such corporation." Ill. Rev. Stat. 1985, ch. 32, par. 10.35.

Defendants cannot deny liability because Argo State Bank changed its name. There is no reason to prove an assignment from Argo State Bank to Harris Bank Argo because they are one and the same. Therefore, judgment against defendants was proper and no *prima facie* defense is created by the assertion of this lack-of-privity argument.

### IV

Longaker alleges that she is not liable on said note because she did not receive the proceeds of the loan. There is no dispute about the fact that Midpack received the loan proceeds. Longaker did not receive any of the money personally. However, Longaker was not sued as a principal debtor, but as a guarantor. In the capacity of a guarantor, Longaker is properly liable even though she did not receive the money from the bank.

We therefore conclude that the circuit court of Cook County properly denied defendants' motion to open the judgment by confession.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

HARTMAN and SCARIANO, JJ., concur.