THE HERGET NATIONAL BANK OF PEKIN, Plaintiff-Appellee, v. SCOTT THEEDE, Defendant-Appellant (Barbara Theede, Defendant).

Third District   No. 3—88—0543

Opinion filed April 20, 1989.

Harold N. O'Hara, of Peoria (David L. Cover, of counsel), for appellant.

Bagley, Atherton, Clark & Miller, of Pekin (Louis E. Miller, of counsel), for appellee.

JUSTICE STOUDER delivered the opinion of the court:

Scott Theede appeals from the judgment of the circuit court of Tazewell County, denying his motion to open a judgment by confession. Theede's affidavit and supplemental affidavit in support of his motion indicate that Theede held a business account with Herget National Bank and was given a $30,000 line of credit. In September of 1986, the

bank dishonored a $15,000 check drawn on Theede's business account. When Theede contacted Jerry Towle, a commercial loan officer for the bank, to determine the bank's reason for dishonoring the check, Towle informed Theede that his line of credit was depleted. Thinking that the bank had made a clerical error since he had not used his line of credit, Theede, along with his wife, Barbara, and a friend, Harold O'Hara, met with Towle on September 19, 1986, to discuss the problem.

At the meeting, Theede was shown a computer printout of multiple loans made to his wife secured by promissory notes which bore the signatures of both Theede and his wife. Theede explained that his signatures were not authorized, and he could not get an explanation for the situation from his wife, who "could only cry." Though his friend, O'Hara, was an attorney, he gave Theede no legal advice at the time.

Thereafter, Theede arranged to meet with Towle on September 23, 1986. Theede was concerned about his financial reputation and wanted to convince the bank to honor his check. Towle told Theede that the bank would honor his check if he would sign a promissory note for $60,800, which would consolidate all of the loans made to his wife. Because Theede thought and was led to believe by the bank that he was liable for his wife's debts, and because he was desperate to stay in the livestock business, he signed the $60,800 consolidation note.

When the note became due on March 23, 1987, Theede met with Towle and paid $800 on the principal plus $3,367.32 in interest. Thereafter, Theede sought legal advice and learned that he was not responsible for the debts of his wife. Accordingly, he ceased payment on the note.

In response, the bank, pursuant to a clause in the note, obtained a judgment by confession against Theede on August 4, 1987. Theede first learned of the judgment when he was served by a citation to discover his assets on November 25, 1987. He then filed his motion to open the judgment by confession. When the court denied his motion, he brought this appeal.

■■ The first issue presented by this case is whether the circuit court erred in concluding that the cognovit note was not used in a consumer transaction. Section 2—1301(c) of the Illinois Code of Civil Procedure (the Code) (Ill. Rev. Stat. 1987, ch. 110, par. 1—101 *et seq.*) provides that any power to confess judgment in an instrument used in a consumer transaction "is null and void and any judgment entered by a court based on such power shall be unenforceable." (Ill. Rev. Stat. 1987, ch. 110, par. 2—1301(c).) The Code further provides that a loan is a "consumer transaction" if it was made "to an individual for purposes that are primarily personal, family, or household." Ill. Rev. Stat. 1987,

ch. 110, par. 2—1301(c).

The pleadings and affidavits filed by both parties indicate that the purpose of the loan at issue was to consolidate prior loans made to Barbara Theede, who allegedly forged her husband's name as comaker on notes evidencing the prior loans. The prior loans are all either renewal notes or consolidation notes or both. While Theede asserts that the purpose of his signing for the loan at issue was personal in nature, he does not deny that most of the proceeds from such prior loans are traceable to deposits made to his business account at the bank. Moreover, Theede admits that one reason for his signing the note was to assure that the bank would honor a check which was drawn on his business account.

While he also asserts that he signed because of his concern for his personal financial reputation, he does not deny that his personal financial reputation is indistinct from his financial reputation as a sole proprietor of Theede Livestock. Thus, other than Theede's bald assertion that the purpose for his signing the note was personal, there is nothing to indicate that the loan was made for any reason other than to maintain his business. Therefore, we agree with the circuit court and conclude that as a matter of law the confession of judgment clause in this promissory note was not used in a consumer transaction such as to render the clause void or the judgment entered thereon unenforceable.

The next issue is whether the circuit court erred in concluding that Theede failed to allege sufficient facts to support his asserted defenses. A trial court's review of a motion to open a judgment by confession examines the legal sufficiency of the well-pleaded allegations of the motion as filed with its accompanying affidavits. (*Gleneke v. Lesny* (1970), 130 Ill. App. 2d 116, 119, 264 N.E.2d 803, 804-05.) If such allegations disclose a cognizable defense to a judgment by confession, the defendant's motion will be granted and the cause will proceed to a hearing on the defense. (87 Ill. 2d R. 276; *Harris Bank Argo v. Midpack Corp.* (1986), 151 Ill. App. 3d 293, 294, 502 N.E.2d 1127, 1128.) The plaintiff may file counteraffidavits; however, its allegations are considered only to the extent that they are consistent with the allegations of the defendant. 87 Ill. 2d R. 276; *First National Bank v. Achilli* (1973), 14 Ill. App. 3d 1, 4, 301 N.E.2d 739, 741.

In this case Theede first asserts that he alleged sufficient facts to support his defense of economic or moral duress. The defense of economic duress is also known as "business compulsion" (*Kewanee Production Credit Association v. G. Larson & Sons Farms, Inc.* (1986), 146 Ill. App. 3d 301, 305, 496 N.E.2d 531, 534) and is similar to

"moral duress." (See *People ex rel. Buell v. Bell* (1959), 20 Ill. App. 2d 82, 95, 155 N.E.2d 104, 111.) The defense of economic duress differs from moral duress primarily in the theoretical basis for recovery, which in both cases is release from obligation under the contract. Economic duress permits release on the theory that the party is deemed to have lacked the mental capacity requisite to the making of a contract. (See *Kaplan v. Kaplan* (1962), 25 Ill. 2d 181, 186-87, 182 N.E.2d 706, 709.) Moral duress permits release on the theory that "the party benefiting thereby has received money, property, or other advantage which in equity and good conscience he should not be permitted to retain." (*Bell*, 20 Ill. App. 2d at 95, 155 N.E.2d at 111.) To sustain a claim under either theory sufficient to render a contract unenforceable, the party must show that he was induced to enter into a contract by some wrongful act of the other contracting party. (*J.D. Alexander v. Standard Oil Co.* (1981), 97 Ill. App. 3d 809, 815, 423 N.E.2d 578, 582.) Duress is not shown by the fact that one was subjected to mere annoyance, vexation, personal embarrassment (*Kaplan*, 25 Ill. 2d at 186, 182 N.E.2d at 710), a difficult bargaining position or the pressure of financial circumstances (*Kewanee*, 146 Ill. App. 3d at 305, 496 N.E.2d at 534). There must have been some "imposition, oppression, undue influence, or the taking of undue advantage of the business or financial stress or extreme necessities or weakness[es] of another." *Bell*, 20 Ill. App. 2d at 95, 155 N.E.2d at 111.

In this case Theede alleges that he was financially stressed and that the bank, taking advantage of his situation, induced him to sign the note. Theede states that he was desperate to save his financial reputation because of the dishonored check. He told Towle that he was willing to do anything to have the check honored by the bank, which would save his reputation. He also asserts that Towle led him to believe that he was responsible for the loans executed by his wife. Further, Towle told him that if he would sign a note for the $60,800, consolidating all of the loans made to his wife, the bank would honor his check and they would later discuss the issues relating to his wife's forging his signature on the other notes. We conclude that these allegations are sufficient to sustain a claim for economic duress. The circuit court erred, therefore, in denying Theede's motion to open the judgment by confession on this basis.

Theede also asserts the defense of unilateral mistake of law. To be entitled to equitable relief for one's unilateral mistake of law, the mistaken party must show, in addition to his mistake as to his legal rights or responsibilities prior to entering the transaction, some wrongful conduct by the nonmistaken party that induced the mistaken

party to act in favor of the nonmistaken party. (*Bayne v. Cinak* (1925), 320 Ill. 23, 28, 150 N.E. 344, 346.) In this case Theede asserts that he was mistaken as to his legal rights regarding the note. The bank does not deny Theede's assertion, but it argues that Theede failed to allege any wrongful conduct on its part that induced Theede to sign the note. However, in his affidavits, Theede alleges that he signed the note because Towle led him to believe that he was liable for the loans executed by his wife. He further asserts that Towle knew that Theede was not liable for those loans. We conclude that these allegations are sufficient to establish wrongful conduct on the part of the bank and are, therefore, sufficient to sustain a claim for unilateral mistake of law. Thus, the circuit court erred in denying Theede's motion to open the judgment by confession on this basis as well.

■ Theede argues, finally, that he alleged sufficient facts to support his defense of lack of consideration. While he asserts that no consideration was given for his signing the promissory note, Theede admits that he signed partly because he wanted the bank to honor his dishonored check. Theede does not deny that the formerly dishonored check was honored by the bank after he signed the promissory note. Thus, it appears that Theede received some benefit, which is sufficient consideration for his signing the note. Theede's asserted defense of lack of consideration is, therefore, without factual support, and the circuit court was correct in denying his motion as to that defense.

We are not holding that the defendant is entitled to judgment in his favor on the merits of his claimed defenses of duress and mistake. We hold only that he has established *prima facie* defenses of duress and mistake and that he is, therefore, entitled to a hearing on the merits of those defenses.

For these reasons, we affirm that part of the judgment of the circuit court which holds the confession of judgment clause to be valid, which holds the judgment entered thereon enforceable, and which holds that Theede failed to sufficiently allege his defense of lack of consideration. All other aspects of the circuit court's judgment are reversed, and the cause is remanded for proceedings consistent with this opinion.

Affirmed in part; reversed in part and remanded.

WOMBACHER, P.J., and SCOTT, J., concur.